## COLEMAN & BURDEN COMPANY *v.* RICE.

LITTLE, J.  1. Sections 2710 and 2711 of the Civil Code, which provide that no assignment shall be set aside except in a direct proceeding for that purpose, to which the assignee and assignor shall be parties, refer to such assignments as are made under the act of 1894, the law relating to which is codified in sections 2698 et seq. of the Civil Code.

2. An assignment or transfer by a debtor, insolvent at the time, of any kind or character of property, when any trust or benefit is reserved to the assignor, is fraudulent and void.    Civil Code, § 2695 (1).    Being void, such transfer or assignment may be attacked by a party interested, in either a direct or collateral legal proceeding, when it is sought to be set up.

3. If an assignment or transfer of this character is made to a named trustee with power of sale, an execution of the power conveys no title to a purchaser, and a deed purporting to convey to him any part of the property so transferred is likewise void.

4. If, however, the purchaser at such attempted sale, at the time of the transfer, held a valid lien by mortgage on the property he sought to purchase, and neither before nor after such sale gave up, relinquished, or canceled his lien, or agreed or intended to do so, there was no merger of the lien with the title sought to be conveyed, but the same remained intact, and capable of enforcement.    Aliter, if he did, as a consequence of his purchase, cancel and relinquish his lien, or if he intended to do so.    *Woodside* v. *Lippold*, 113 *Ga.* 877, and cases cited.

5. As such lien created no title, it was, under the pleadings and agreed statement of facts in this case, error to rule that the property was not subject to the execution of a creditor whose judgment was junior to the lien of the mortgage ; but the court should, under the pleadings and the facts which appear in the record, have entered a decree establishing and enforcing the lien of the mortgage against the property which it described, superior in dignity to the judgment of the plaintiff in fi. fa.

*Judgment reversed.    All the Justices concurring, except Lewis, J., absent.*

Submitted March 1, — Decided June 6, 1902.

Levy and claim.  Before Judge Felton.  Bibb superior court. April 18, 1901.

*George S. Jones*, for plaintiff.
*Hardeman, Davis & Turner*, contra.