## PITTS BANKING COMPANY v. FENN.

HINES, J.　1. If two estates in the same property unite in the same person in his individual capacity, the latter estate is merged in the greater. Civil Code (1910), § 3682. So where the beneficiaries of a homestead estate acquire an absolute title to the reversionary interest in the property out of which the homestead estate was carved, and it does not appear that it was the intention of the beneficiaries to keep the two estates separate, the latter or homestead estate is merged in the greater or absolute estate, and the beneficiaries in whom the two estates unite may convey the fee in the land absolutely, or for the purpose of securing a debt. *Goodell* v. *Hall,* 112 *Ga.* 435 (37 S. E. 725); *Nash* v. *Peoples Loan & Realty Co.,* 151 *Ga.* 40 (105 S. E. 641). Where the mortgagee purchases the equity of redemption under a junior lien, the whole estate is vested in him; and both the mortgage and the debt upon which it is founded are extinguished, unless the actual value of the mortgaged property is ascertained by foreclosure and sale, or express stipulation between the parties. *Jackson* v. *Tift,* 15 *Ga.* 557. Where the mortgagee purchases the mortgaged property from the mortgagor, the mortgage is extinguished by merger. *Marshall* v. *Dixon,* 82 *Ga.* 435 (9 S. E. 167). An absolute deed conveying land as security for a debt is a security of a higher nature than a mortgage for the same debt on the same premises, and when the mortgage is entered satisfied, and surrendered up because of the execution of such deed, the transaction operates as a novation and amounts to a merger. *Patterson* v. *Evans,* 91 *Ga.* 799 (18 S. E. 31); *MacIntyre* v. *Ferst,* 101 *Ga.* 682 (28 S. E. 989); *Farkas* v. *Third National Bank,* 133 *Ga.* 755 (66 S. E. 926, 26 L. R. A. (N. S.) 496); *Hinesley* v. *Stewart,* 139 *Ga.* 7 (76 S. E. 385). The general rule at law is that the mortgage becomes merged in the deed, the latter conveying a greater estate than the mortgage; but in equity the lesser security is not merged in the greater when it appears that the holder of both intended that a merger should not take place. The intent controls. *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (3), 111 (35 S. E. 347). Such intention sometimes expressly appears from the writings, as in the case last cited. If such intention does not expressly appear from the writings, then it must be shown by aliunde proof. If two estates in the same property unite in the same person in the same capacity, and it is contended that no merger took place, the person making such contention, if entitled so to do, must allege and prove facts negativing the existence of such merger. *Muscogee Mfg. Co.* v. *Eagle & Phenix Mills,* 126 *Ga.* 210 (7) (54 S. E. 1028, 7 L. R. A. (N. S.) 1139); *Knowles* v. *Lawton,* 18 *Ga.* 476 (63 Am. D. 290). Presumptively a mortgage is merged when the mortgagee takes from the mortgagor a warranty deed absolute in form to the mortgaged property. Furthermore such a deed is presumptively one of bargain and sale.

2. As a warranty deed, absolute in form, is prima facie one of bargain and sale, and as intention controls in determining whether a mortgage is merged in such a deed from the mortgagor to the mortgagee to the property contained in the mortgage, such deed was relevant and admissible on the issues, (1) whether such deed was made to secure debt,

as claimed by the plaintiff in fi. fa., and (2) whether it was the intention of the grantee in such deed that the mortgage was settled thereby and the mortgage lien merged in the greater estate created thereby. Likewise, the indictment returned against Butts under the Penal Code, § 714, on which Fenn was the sole witness, and upon whose testimony the same was presumptively found, and the evidence of Fenn touching the finding and return of said indictment, were admissible. This evidence threw some light on the questions, whether this warranty deed, absolute in form, was a sale or a security (the indictment reciting that this conveyance was made for a present consideration of $3261.36), and whether there was an intention on Fenn's part that the mortgage should not be merged in the absolute estate apparently created by this instrument.

3. Applying the above rulings, the court below erred in ruling out said deed, indictment, and evidence.

*Judgment reversed. All the Justices concur.*

No. 4975. AUGUST 14, 1925.

Claim. Before Eldridge Cutts, judge pro hac vice. Wilcox superior court. May 30, 1925.

On December 20, 1918, Butts executed to Fenn a mortgage upon certain personal property and upon a described tract of land. This mortgage was recorded on March 12, 1919. The record showed that it was attested by only one witness, who was a notary public. On February 8, 1919, Butts executed to the Pitts Banking Company a security deed to the same land, which was filed for record on March 25, 1919. Fenn foreclosed his mortgage. A judgment of foreclosure was obtained on July 22, 1924. It does not appear when the foreclosure proceeding was begun. His execution issuing on the judgment of foreclosure was levied upon the land embraced therein. Thereupon the Pitts Banking Company filed a claim thereto. On the trial the claimant introduced evidence tending to show it had no actual notice of said mortgage. The clerk of the superior court testified that this mortgage had only one witness when he recorded it. Several witnesses testified for Fenn that it was actually attested by the two witnesses whose names appear thereon at the time of its execution, and that their names were on it when it was recorded.

The claimant introduced a warranty deed from Butts to Fenn, for a consideration of $3261.36, dated January 10, 1921, and recorded the same day. Upon its face this deed was an absolute conveyance. Fenn testified that possession was not delivered to him under this deed, that it was understood between him and Butts

that his mortgage was to remain in force, and that the absolute warranty deed was made to him to secure an indebtedness of $3261.36. On motion of counsel for Fenn, over objection of counsel for claimant, the court excluded said warranty deed from evidence and from the consideration of the jury.

The claimant introduced an indictment preferred by the grand jury of Wilcox superior court at the October term, 1922, against Butts, which, omitting the formal parts, charged "Jim Butts with the offense of a misdemeanor, for that the said Jim Butts on the 10th day of January, 1921, in the county aforesaid, did then and there unlawfully and with force and arms, with intent to defraud S. R. Fenn, fraudulently make and deliver to S. R. Fenn a deed of conveyance of the following tenor and effect, to wit: A warranty deed signed by Jim Butts, dated January 10, 1921, for a consideration of $3261.36, by him then and there received, conveying the following described parcel of land [then follows a description of the land, which is the same land as that in dispute in this case], after having previously, to wit, on January 20, 1920, made and delivered to Pitts Banking Company a deed of conveyance to the same for the recited consideration of $2368.30, and did represent said property to the said S. R. Fenn to be free of incumbrance, and knowing the said property to be then and there subject to the said described conveyance to the said Pitts Banking Company, contrary to the laws of said State, etc. Fenn appeared on this indictment as the only witness for the State. On motion of counsel for Fenn the court ruled out said indictment, over objection of counsel for claimant, and excluded the same from the consideration of the jury.

Fenn, in connection with said indictment, testified as follows: "I rather think I appeared before the grand jury in the case in which the indictment presented was found, but just what I told them I don't remember, nor do I remember the substance of my testimony before them, but I think I appeared for the purpose of getting the bill. I don't know that the bill was returned upon my testimony; don't remember whether I had any other witnesses subpœnaed. I don't remember whether I presented the matter to the grand jury or not, I may have done it. I don't remember how it got before them, I can't say positively about that feature of it." Upon motion of counsel for Fenn, and over the objection

of claimant, the court ruled out the above evidence and excluded the same from the consideration of the jury.

The jury returned a verdict finding this land subject to Fenn's mortgage execution. The Pitts Banking Company made a motion for new trial, on the formal grounds. By an amendment the movant assigned error upon the rulings of the court excluding the warranty deed from Butts to Fenn, the indictment of Butts, and the evidence of Fenn on the trial of this case, all of which is set out above, upon the grounds, (a) that said evidence presented an issue of fact for the jury to determine, (b) that said evidence, in connection with other relevant and material evidence offered in the case, raised a relevant and material issue of fact which should have been submitted to the jury; and (c) that all of said evidence is relevant for the purpose of showing that Fenn had acquired complete title, or intended to acquire complete title, to the land in controversy, and thereby relinquished his mortgage lien upon the same; it being the contention of movant that the same person, at a given time, can not hold absolute title and a lien upon the same property, and that the action of respondent in taking a deed to the land in controversy had the effect of extinguishing and was intended to extinguish the lien of the mortgage upon the foreclosure of which the execution issued which was levied upon this land. The court overruled the motion for new trial, and the claimant excepted.

*J. H. Dorsey* and *Strozier & Gower,* for plaintiff in error.
*Hal Lawson,* contra.