DICKSON *v.* HUTCHINSON.

No. 8354. OCTOBER 16, 1931.

*J. P. Knight,* for plaintiff in error.

HINES, J. On November 14, 1929, Mary L. Dickson executed and delivered to Alice Hutchinson seven notes dated November 14,

1929, three of them for $500 each, due respectively October 1, 1930, 1931, 1932, and four of them for $50 each, due respectively March 1, April 1, May 1, and June 1, 1930. To secure the payment of the three $500 notes Mrs. Dickson executed and delivered to Mrs. Hutchinson a deed to a described tract of land containing 103.56 acres; and to secure the payment of the four $50 notes Mrs. Dickson executed to Mrs. Hutchinson a deed to a described land in the City of Adel. The latter deed was made subject to a loan deed in favor of the Georgia Loan & Trust Company for $1,000. By the terms of both deeds time was of the essence of the contract; and upon the failure of Mrs. Dickson to pay any one of said notes the whole, with accrued interest, at the option of Mrs. Hutchinson, became due and payable at once without notice. Mrs. Dickson defaulted in the payment of the $500 note due October 1, 1930, and in all of the $50 notes. On January 8, 1931, Mrs. Hutchinson filed her suit on said notes against Mrs. Dickson, and prayed for a general judgment, and for a special judgment against the lands embraced in said deeds, for the amount of principal and interest due on all of said notes.

On February 2, 1931, Mrs. Hutchinson filed her petition in which she recited the institution of the suit on said notes, that a part of the real estate embraced in the above security deeds consisted of a farm of 103.56 acres, that Mrs. Dickson had abandoned said farm and had caused the fire-insurance policy on the dwelling thereon to be canceled, and that said farm was being allowed to remain idle. She prayed that pending the outcome of said suit a receiver be appointed to insure the dwelling on said farm and to rent the same. This petition for a receiver was withdrawn by Mrs. Hutchinson on February 7, 1931. Thereafter and on the same day Mrs. Hutchinson brought "her ancillary petition for receiver" against Mrs. Dickson. This petition was based upon the same grounds as those embraced in her dismissed petition, and was verified by the affidavit of the attorney for Mrs. Hutchinson, to the best of his knowledge and belief. Mrs. Dickson filed her special plea in abatement, upon the ground that the costs which had accrued in the petition first filed, and dismissed, had not been paid. On a hearing the defendant introduced evidence establishing the truth of the allegation that these costs had not been paid. The judge dismissed the plea in abatement, upon the ground that it was insuffi-

cient in law, for the reason that the second petition for receiver was merely an amendment to the original suit. The defendant excepted to this ruling. The defendant demurred to the petition for receiver, upon the ground, among others, that it did not allege such a state of facts as would authorize the appointment of a receiver for the property, so far as defendant was concerned. The defendant filed also her answer in which she set up, among other things, that the notes sued on were given for part of the purchase-money of the farm hereinbefore referred to, that this contract of purchase had been rescinded upon condition that she would lay no claim to $310 which had been paid on the purchase-money thereof, and would lose $200 which had been invested in improvements on said farm, pay an interest coupon of $80 on the loan, erect a wire fence between said farm and the land of the defendant, furnishing the wire, and pay the 1930 State and county taxes on said farm. All of which conditions defendant alleged she had fully performed.

On a hearing as to receivership the defendant introduced her own affidavit sustaining the allegations of her answer. Mrs. Hutchinson introduced her affidavit denying rescission of the contract of purchase and denying the allegations in the answer of Mrs. Dickson. The defendant urged certain objections to admission of affidavits tendered by the plaintiff, but it is not necessary to consider these objections in reaching a correct decision of this case. The judge passed an order making the receivership permanent, directing the receiver to take possession of the farm, to have the dwelling-house insured, and to collect the rents of the farm pending the suit.

To this judgment the defendant excepted on grounds that are sufficiently shown hereinafter.

■ Did the judge err in dismissing the plea in abatement of the ancillary petition for the appointment of a receiver? Where a plaintiff voluntarily dismisses his suit, he may recommence the same on the payment of costs. Civil Code (1910), § 5625. Where a plaintiff voluntarily dismisses his suit, and desires to recommence the same, he can do so without the payment of costs, if he will make and file, with his petition, summons, or other proceeding, an affidavit that he is advised and believes that he has a good cause for recommencing his suit, and that owing to his

poverty he is unable to pay the costs that have accrued therein. § 5626. Was the first petition filed by the plaintiff for the appointment of a receiver a suit within the meaning of these sections of the code? The plaintiff, before filing this petition for the appointment of a receiver, had instituted a suit upon certain notes given her by the defendant, and which were secured by deeds to separate described pieces of realty. In this plenary suit she prayed for a general judgment against the defendant upon notes, and for a judgment setting up and establishing in her favor a special lien upon the realty described in the deeds securing them. She then filed a petition which recited the filing and purpose of this plenary suit, and alleged certain grounds upon which she sought the appointment of a receiver for the farm which was conveyed by one of these security deeds. She prayed for process; and process was issued, and the defendant was duly served with the petition and process. She prayed that pending the outcome of her suit a receiver be appointed to take charge of the farm, insure the dwelling thereon, and rent the farm. The judge granted a rule nisi calling upon the defendant to show cause why the prayers of the petition should not be granted. Thereafter she dismissed this petition; and then filed "an ancillary petition" to her plenary suit, in which she again prayed for the appointment of a receiver for the farm, upon the same grounds as those embraced in her first petition for a receiver. In her second petition for receiver she expressly alleges that she is amending her original suit; and by such amendment she seeks the appointment of a receiver for the farm pending the outcome of that suit. Neither of the suits filed by the plaintiff for a receiver was a suit within the meaning of section 5625 of the Code. The meaning of the word "suit" as used in that section means a case in which litigation is finally disposed of by its dismissal, if not renewed as provided in that section, or the one following it. It does not include a proceeding in its nature ancillary to the main suit. To be a suit within the meaning of section 5625, the proceeding must be a civil case in which the officers of court are entitled to their costs upon its dismissal. That section must be construed in connection with sections 5991 and 5992. In the first of these sections the several officers of court are prohibited from demanding the costs in any civil case, or any part thereof, until a judgment in the same, except in cases of non-

resident plaintiffs and attorneys. By the second of these sections, when a case is disposed of, the costs of the same, including fees of witnesses, shall be included in the judgment against the party dismissing, being nonsuited, or cast. So a clerk is not entitled to claim a fee of $1 in advance for entering a case upon the motion docket. *Ball* v. *Duncan,* 30 *Ga.* 938. So that officer is not entitled to his costs out of the fund in a receiver's hands until the fund has been adjudged subject to costs on determination of the case. *Ballin* v. *Ferst,* 55 *Ga.* 546.

It is true that the first petition for a receiver had one feature of a plenary suit. The plaintiff therein prayed for process, and process was attached. Still we do not think that this first petition for a receiver was a suit within the meaning of section 5625. It was a mere proceeding in which the plaintiff sought relief in aid of her plenary suit. . Clearly the second petition for receiver was in no sense a suit. It purported to be an amendment to the original suit. It was clearly an ancillary proceeding in aid of the relief prayed in the original suit. The first petition for receiver not being a suit within the meaning of the code sections with which we have been dealing, its dismissal would not prohibit the plaintiff from filing an amendment to her original suit seeking the appointment of a receiver. So the trial judge did not err in dismissing the plea in abatement.

■ On the merits, there is a conclusive reason why the judge erred in granting a receiver in this case. The defendant, according to the contention of the plaintiff, is indebted to the latter in the principal sum of $1,700, with interest, which is secured by deeds to real estate. In her suit upon these notes she seeks a general judgment against the defendant and the establishment of special liens upon the lands embraced in the deeds to secure this indebtedness. The defendant is a resident of the county in which the suit is brought and in which these lands are located. There is no allegation that the defendant is insolvent, and no allegation that the plaintiff will be unable to collect the amount of any judgment, which she may recover on these notes, out of the lands embraced in these security deeds. If she is not able to do so, there is no allegation that she can not collect the amount out of other property of the defendant. There is no allegation that the preservation of the rents of the farm property embraced in one of these security

deeds is necessary to enable the plaintiff to recover on her judgment when obtained, and there is no allegation that the appointment of a receiver for this property is necessary to enable the plaintiff to realize on her judgment. There is no allegation that she will be unable to realize on this judgment because of any deterioration of the farm property, due to want of management or to bad management on the part of the debtor. There is no allegation that the security of the plaintiff is inadequate. The only grounds upon which the plaintiff seeks the appointment of a receiver are that the defendant caused the insurance policy upon the dwelling-house upon this farm to be canceled, and abandoned the farm and allowed it to remain idle. In these circumstances a receiver will not be appointed for property embraced in a security deed upon the application of the holder thereof, in the absence of satisfactory proof of the inadequacy of the security and the insolvency of the debtor. *Planters Oil Mill* v. *Carter*, 140 *Ga.* 808 (79 S. E. 1120). It has been held that under a contract of sale, which contemplated only the holding of title by the vendor as security for the unpaid purchase money, it was improper, on the hearing of an application for a receiver, for the chancellor to require the defendant to give security for the forthcoming of the rent notes taken from his tenants, and for an apportionment of the rents for the payment of the purchaser's claim. *Tumlin* v. *Vanhorn*, 77 *Ga.* 315 (3 S. E. 264). This ruling was based upon the doctrine that the power of appointing receivers should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to. See *Adams* v. *Blalock*, 163 *Ga.* 345 (136 S. E. 146). The appointment of a receiver is a harsh remedy to which resort should not be had, except when the interests of creditors are exposed to manifest peril. *Dixon* v. *Tucker*, 167 *Ga.* 783 (146 S. E. 736).

■ It does not appear that the defendant entered into any covenant with the plaintiff to keep the buildings on the premises embraced in the security deed insured. In the absence of such covenant the defendant would not be under an obligation to keep the buildings on these lands insured for the benefit of the plaintiff. The fact that the dwelling on the farm is uninsured, and the possibility of its destruction by fire, does not constitute such a manifest danger of loss of the property as would warrant the trial judge to appoint a receiver to take charge of the same, and im-

pound the rents therefrom. *Ray* v. *Carlisle*, 125 *Ga.* 316 (54 S. E. 119). The allegations that the defendant has abandoned the farm, and that the same is being allowed to lie idle, are not sufficient to authorize the court to appoint a receiver. In fact, during recent years, it might have been wisdom on the part of the defendant to abandon farming on these lands, and to permit the farm to lie idle. So we are of the opinion that the judge erred in appointing a receiver for the farm involved in this litigation. Under the principles above announced, the judge erred in the appointment of a receiver, unless we can hold that the defendant was not hurt by such appointment, in view of the fact that she abandoned the farm and permitted it to lie idle. We can not so hold, for the reason that the defendant may be liable for a portion of the expenses of the receivership, even if she should win out in this litigation.

*Judgment reversed. All the Justices concur.*