PERRY *v.* FIRST MUTUAL BUILDING & LOAN ASSOCIATION *et al.*

GILBERT, J. 1. A verdict in a suit for permanent alimony in the words, "We further find that the plaintiff is entitled to permanent alimony against the defendant, and fix the same as follows: that the plaintiff is entitled to all of the interest of the defendant, either legal or equitable, in the following described real estate, . ." properly construed, awards to the wife the interest of the husband in the property described as it existed at the time of the rendition of the verdict. The terms of the statute (Civil Code (1910), § 2954), when complied with by scheduling the property owned or possessed by the husband at the time of the application, constitute notice to the world that the wife will seek an award of alimony out of such property described. One who acquires an interest in such property before the rendition of the verdict in the alimony suit takes it subject to any verdict lawfully rendered. If the verdict awards to the wife less than the whole of such property or less than the entire interest in such property, that portion or interest not awarded in the verdict is unaffected by the doctrine of lis pendens under the Code, § 2954. Therefore the verdict in this case awarding permanent alimony must be construed as awarding only such interest as the husband still possessed at the time of the rendition of the verdict. Civil Code §§ 2954, 2955, are restraints upon the alienation of the husband's property. Their effect on the title, where the husband has conveyed pending a suit for divorce and alimony, should be strictly con-

strued. "The restriction upon the free alienation of property by the owner is contrary to public policy, and will not be extended by construction beyond the plain intent and meaning of the law." *Lamar* v. *Jennings*, 69 *Ga.* 392; *Russell* v. *Rice*, 103 *Ga.* 310 (30 S. E. 37); *Singleton* v. *Close*, 130 *Ga.* 716 (61 S. E. 722); *Stephens* v. *Stephens*, 168 *Ga.* 630, 639 (148 S. E. 522); *Chero-Cola Co.* v. *May*, 169 *Ga.* 273, 276 (149 S. E. 895, 66 A. L. R. 1469).

2. The court overruled the general demurrer to the petition, as well as the special demurrers which were based upon the contention that there was a misjoinder of causes of action, because the petition sought a general money judgment against Maddox and Mrs. Payne, while Addie Mae Perry had no interest in the judgment sought against Maddox and Mrs. Payne. Under the ruling in *Conley* v. *Buck*, 100 *Ga.* 187 (28 S. E. 97), all of the parties defendant could properly be included in one suit with prayers appropriate to the different judgments sought with respect to each.

3. Plaintiff in error contends that a merger, as a matter of law, resulted from the purchase, at an improvement-tax sale, of the property, the legal title to which the Loan Association already held by its security deed. This contention is contrary to the principles ruled in *Pope* v. *Hammond*, 168 *Ga.* 818 (149 S. E. 204). The Loan Association in no way indicated its intention to merge the estates; and a merger being against the interest and to the disadvantage of the association, an intent not to merge will be presumed.

4. The petition alleges: (a) Maddox is insolvent. (b) Perry would dissipate the rents and profits, if permitted to retain possession. (c) Payne is a woman of small means, unable to respond to a judgment against her. (d) Since the divorce decree was rendered Perry had been in possession, about $200 in rentals had accumulated, and were being held by rental agents pending litigation. *Held:* (1) The court did not err in overruling the demurrers. (2) It was error to appoint a receiver, because it was not alleged that the plaintiff was unable to recover the amount due out of the property conveyed by the security deed. *Dickson* v. *Hutchinson*, 173 *Ga.* 644 (161 S. E. 139), and cit.

5. In view of the ruling stated in the first headnote, the question of lis pendens need not be decided, because it can not in any way affect the result.

*Judgment affirmed in part, and reversed in part. Russell, C. J., Beck, P. J., and Atkinson and Hill, JJ., concur.*

No. 8922. JUNE 17, 1932.

916

918

*George & John L. Westmoreland,* for plaintiff in error.
*Jones, Fuller, Russell & Clapp* and *Morgan S. Belser,* contra.