LANDRUM *v.* CAREY, trustee, *et al.*

ATKINSON, Presiding Justice. 1. Where land of a married man is duly set apart under the constitution and laws as a homestead for his wife and minor children, such homestead exemption does not divest the husband of legal title. If after such exemption the man sells the land to a third person, the purchaser will take the legal title with right of possession postponed until after termination of the homestead by death

of the wife and marriage or attainment of majority by the children. *Donalson* v. *Yeates,* 173 *Ga.* 30 (159 S. E. 856).

2. If after such exemption the man executes his promissory note to a third person for an individual loan and conveys the land absolutely as security for the note, the effect of such conveyance will be to pass legal title to the land, but no right of possession until after termination of the homestead.

3. "If two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged in the greater." Code, § 85-710. And where one person is owner of different estates in the same land, the burden of showing that no merger took place is on the party asserting that a merger did not take place. *Muscogee Manufacturing Co.* v. *Eagle & Phenix Mills,* 126 *Ga.* 210 (7) (54 S. E. 1028, 7 L. R. A. (N. S.) 1139). The intention of the holder of two estates in the same property that they shall not merge generally prevents merger. *Knowles* v. *Lawton,* 18 *Ga.* 476 (63 Am. D. 290); *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (3) (35 S. E. 347). And the doctrine of merger of estates is designed primarily for the benefit of one who acquires an interest in the property greater than he possessed in the first instance, and will not be held to apply against his will to his disadvantage. *Seaboard Air-Line Railway Co.* v. *Holliday,* 165 *Ga.* 200 (2 d) (140 S. E. 507). The foregoing principles apply where one person actually owns two estates in the same property. But where the wife, holding the right of possession in land in virtue of its having been set apart for her benefit as a constitutional homestead, proceeds after the death of her husband and procures the land to be set apart to her as a statutory year's support, which is prevented from being effective by reason of the fact that her husband after creation of the homestead in his lifetime conveyed legal title to the land as security for a note given for money loaned to him individually, the wife does not become holder of two estates, so as to cause a merger of estates thereby terminating her right of homestead. This comports with the rulings in *Donalson* v. *Yeates,* supra; and a different result is not required by the decision in that and similar cases in which there was no such conveyance by security deed of the husband, so as to put legal title to the land beyond the reach of a statutory year's support set apart to the widow after his death, and in which it was not held that there was a merger of the estates.

4. In a suit by the widow against the holder of the security deed, to enjoin sale of the whole estate in the land under a power of sale contained in the security deed, and for other relief, the direction of the verdict, in so far as it denied the prayer to enjoin sale of the land under the power contained in the security deed, was erroneous.

*Judgment reversed. All the Justices concur.*

No. 11846. NOVEMBER 30, 1937.

*M. B. Eubanks,* for plaintiff.
*Barry Wright, Jack Rogers,* and *W. J. Nunnally,* for defendants.