*R. J. Bacon, S. B. Lippitt,* for plaintiffs in error.
*Farkas & Burt,* contra.

26198. WRENN *et al.,* exrs., *v.* MASSELL INVESTMENT CO. *et al.*

DECIDED DECEMBER 3, 1937. REHEARING DENIED DECEMBER 15, 1937.

*E. L. Douglas, McElreath, Scott, Duckworth & DuVall,* for plaintiffs.

*J. K. Jordan,* for defendants.

MacIntyre, J.  B. W. Wrenn and A. R. Wrenn, executors of the estate of Georgia R. Wrenn, sued Massell Investment Company, a corporation, and Ben. J. Massell, on two promissory notes dated October 15, 1929, payable October 15, 1934, to "B. W. Wrenn and A. R. Wrenn, executors of Georgia R. Wrenn," signed by Massell Investment Company and Ben. J. Massell as principals would sign, and for the principal sums of $1200 and $4800 respectively. In their answer and plea the defendants admitted that they executed the notes declared on, and that the plaintiffs were the owners and holders thereof, but averred that "said notes were made by . . Massell Investment Company as principal, and by Ben. J. Massell, who lent his name for the accommodation of said company, as surety." They further pleaded "in bar" (par. 5), that, "contemporaneously with the execution of said notes and as a part of the same transaction to secure the payment of a loan of $7500 represented by the notes sued on and certain others of the same series, . . Massell Investment Company executed and delivered to . . B. W. and A. R. Wrenn a security deed conveying a lot and building known as 591 Edgewood in the City of Atlanta . . , and more particularly described therein, which deed was recorded in book 1218, folio 336, of the deed records of said county [Fulton], and which security deed specifically enumerated said notes;" (par. 6) that "afterwards Massell Investment Company conveyed said property to Massell Realty Improvement Company, which in turn conveyed same to Crumley Investment Company by deed dated September 24, 1930, and recorded in book 1317, folio 422, both of which conveyances were expressly taken subject to said security deed and the debt thereby secured;" (par. 7) that "thereafter, but before the institution of this action, . . Crumley Investment Company conveyed its equity of redemption in said property back to plaintiffs for a consideration represented by said debt, and not otherwise;" and that the plaintiffs, the holders of the legal title under said security deed, having purchased the equity of redemption in said property, "the whole estate . . vested in them, and both the lien of said security deed and the debt upon which it was founded were forever extinguished, and . . these defendants

and each of them was released from all liability upon the notes sued upon in this cause." The plaintiffs demurred to the foregoing answer and plea, because: (1) It sets out no defense. (2) There is no equity in the plea. (3) "It seeks to vary the terms of an unambiguous written contract by parol evidence." (4) "It seeks to hinder, delay, and to defraud plaintiffs." (5) "It shows that defendants conveyed all their right, title, and interest in and to said . . real estate and to the right to complain; their alleged conveyances being only 'subject' to the alleged debt, without obligation on said grantees to 'assume' the same. Because it shows the obligation to pay plaintiffs' notes remains solely that of defendants, unassumed by Crumley Investment Company." The plaintiffs demurred specially to the answer and plea, as follows: (1) "To the answer . . that B. J. Massell is a surety, etc., because the liability of the accommodation party is primary, equally with the maker under the law." (2) "Because of non-joinder of parties, to wit, Massell Realty Company and Crumley Investment Company." (3) "Because no copy of . . deeds to Massell Realty Company and to Crumley Investment Company are annexed. Because no copy of the alleged conveyance from Crumley Investment Company is annexed to show conveyance of the alleged equity of redemption in said property back to plaintiffs. Because the averments of paragraphs 5, 6, and 7 are too vague, indefinite, and uncertain, in that they do not plainly and distinctly show all the facts which copies of the alleged instruments would show. Because they amount to a conclusion, to wit: 'that the whole estate in said property became vested in them.' And because it is a conclusion that the debt is extinguished and defendants released. The alleged facts do not constitute [support?] such conclusion; said instruments should be set out, or the plea stricken. To paragraph 7 specially, because it is a conclusion as to the consideration alleged. Because the alleged facts do not constitute an intention on the part of plaintiffs to merge the two alleged titles."

The judgment of the court was: "Plaintiffs' . . foregoing demurrer to answer and plea of defendants overruled, except that portion of demurrer 3 seeking to have defendants set out a copy of conveyance by Crumley Investment Company to plaintiffs is sustained, and defendants are . . required to amend their plea in that particular on or before April 30, 1935; and if not amended,

. . the answer will stand stricken." On April 27, 1935, in compliance with the court's order, the defendants attached to their answer and plea a copy of a quitclaim deed from Crumley Investment Company to "B. W. Wrenn and A. R. Wrenn, executors of Mrs. Georgia R. Wrenn," conveying "all the right, title, interest, claim, or demand the . . party of the first part has or may have in and to all that tract . . of land lying and being in the City of Atlanta . . having a . . building thereon known as 591 Edgewood Avenue," the deed reciting a consideration of $5. Exceptions pendente lite were taken to the judgment on the demurrer to the original answer and plea. And when said answer and plea were amended by attaching thereto the copy of quitclaim deed, the plaintiffs renewed their original demurrer, and further demurred to the answer and plea as amended, as follows: (1) Because "it fails to meet the ground of the sustained demurrer, in that the alleged copy deed from Crumley Investment Company contradicts the averments of said plea as to what the contents consist of." (2) "Plaintiffs demur to the 'exhibit A' [copy of quitclaim deed], on the ground that it shows the consideration to be different from the alleged consideration . . of said quitclaim deed." (3) Because it "fails to show 'a consideration represented by said debt, and not otherwise,' as alleged in said plea in bar. On the contrary, it shows no consideration in legal contemplation and effect." (4) "Plaintiffs demur to said amendment, because it does not show that said 'Crumley Investment Company conveyed the equity of redemption in said property *back* to plaintiffs,' as alleged, or otherwise." (5) "Plaintiffs demur to paragraph 7 of the plea in bar, as being contradictory of and not supported by said amendment, to wit, the alleged copy of said deed." (6) "Plaintiffs demur to said plea in bar, on the ground that said alleged deed is only a quitclaim of whatever interest, if any, said Crumley Investment Company had in said property, and it does not appear therefrom that such interest was of any value; and this contradicts the allegations of said plea." The plaintiffs again amended their demurrer as follows: (1) "The plea in bar as amended, in effect, varies the contents of the quitclaim set out as an exhibit," paragraph 7 of said plea in bar being "at variance with the clear terms and conditions in said deed". (2) "Said paragraph 7 of the plea in bar as amended by said exhibit shows the

said averments are inconsistent, and the writing as set out by said amendment supersedes the allegations of said paragraph 7 where it contradicts the same; and on that ground plaintiffs move to strike paragraph 7, as and where inconsistent and/or contradictory to the consideration expressed in said deed." The court overruled the demurrer, and exceptions pendente lite were taken to that ruling.

The final amendment to the answer and plea, made without objection at the trial term, was as follows: "The property described in paragraphs 5, 6, and 7 of said original plea and the first amendment thereto was conveyed by Massell Realty Improvement Company to plaintiffs to secure the loan mentioned in said paragraph 5, the residue of which is represented by the notes sued upon in this case. Thereupon said property became the primary fund for the payment of said notes when it was sold by said Massell Realty Improvement Company to Crumley Investment Company, which purchased subject to said security deed. By this sale Massell Investment Company and Ben. J. Massell became sureties as to said indebtedness, and are entitled to have an accounting for the value of said property from and by plaintiffs, who acquired same from said Crumley Company in the manner set forth in said plea as amended; and plaintiffs now are in sole possession thereof through E. L. Douglas, their agent and attorney of record in this case, and have thereby converted said security to their own use, and now are the owners thereof as grantees of said Crumley Company. Upon such accounting it will appear that at the time said property was conveyed to plaintiffs same was worth, and is worth, more than the full amount claimed by plaintiffs, its value then and now being $10,000. Because of these facts plaintiffs have been paid more than the full amount of their alleged demand against defendants, and have no just demand against these defendants or either of them." After the introduction of evidence by both plaintiffs and defendants, the court directed a verdict for the defendants. The plaintiffs filed their motion for new trial, containing the general and certain special grounds. This motion was overruled, and that judgment was excepted to.

The special demurrers present no difficult or novel question, and we are satisfied that they are not meritorious. The controlling question presented by the general demurrers is whether the defend-

ants pleaded facts showing a merger and an extinguishment of the debt evidenced by the notes declared on. "If two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged in the greater." Code, § 85-710. "As a general rule, a party may not hold a lien on his own property; but the owner of property, subject to a lien created or imposed against the property by another, may protect himself by purchasing the lien for levy on other property, or to hold it as a claim against the person liable to pay the same." § 85-711. "As a general rule, a party can not hold a lien on his own property; and this is never allowed except where equity intervenes to protect the title and thereby prevent a failure of justice." *Clay* v. *Banks,* 71 *Ga.* 363 (2). "If two estates in the same property unite in the same person in the same capacity, the lesser estate is merged in the greater, unless there is a manifest intention that such merger shall not take place." *Goodell* v. *Hall,* 112 *Ga.* 435 (2), 437 (37 S. E. 725). See also *Jackson* v. *Tift,* 15 *Ga.* 557; *Muscogee Mfg. Co.* v. *Eagle & Phenix Mills,* 126 *Ga.* 210, 219 (54 S. E. 1028, 7 L. R. A. (N. S.) 1139). After stating the rule laid down in the Code, § 85-710, this court, in *Franklin Mortgage Co.* v. *McDuffie,* 43 *Ga. App.* 604 (159 S. E. 599), said: "Thus, where the holder of the legal title under a security deed purchases the equity of redemption, the whole estate is vested in him; and both the lien and the debt upon which it is founded are extinguished, unless the actual value of the property be ascertained, by foreclosure and sale under the lien, or by express stipulation between the parties." This ruling was based on the early case of *Jackson* v. *Tift,* supra, which was followed in *Pitts Banking Co.* v. *Fenn,* 160 *Ga.* 854 (129 S. E. 105). See also 41 C. J. 775, § 869. Applying the above principles of law to the question presented, we are of the opinion that the defense of merger and extinguishment was good as against the general demurrer. We therefore hold that the rulings on the demurrers were not erroneous.

The first of the special grounds of the motion for new trial avers that the court erred in allowing the defendants to introduce in evidence the quitclaim deed from Crumley Investment Company to "B. W. Wrenn and A. R. Wrenn, executors of Mrs. Georgia R. Wrenn," over the objection that it "had not been recorded, and . . its execution had not been proven as required by law." We

quote from the ground as follows: "The trial . . occurred April 6th and 7th, 1936. On April 22, 1935, defendants had served plaintiff notice to produce said quitclaim deed before a court commissioner upon examination of Robert M. Crumley . . , whose depositions were used by defendants upon the trial of this case. Said case came on for a trial before a jury . . on March 18, 1936, and at this time Judge Dorsey had issued an order reciting said facts and ordering plaintiffs to produce said quitclaim deed in court on the first Monday in April, 1936, specially setting it for trial before a jury on April 6, 1936, and that thereupon said deed be attached to said depositions of Robert M. Crumley. . . On February 4, 1936, defendants had served upon plaintiffs a written notice to produce said deed in court upon each trial of said case." Counsel for defendants "stated that the matter of execution was disposed of, because said deed was brought into court under said notice to produce, served February 4, 1936, and . . also . . under the . . special order signed by Judge Dorsey on March 18, 1936. Thereupon counsel for movants stated in open court that said deed was brought in only under the order of . . March 18, 1936;" and further stated: "The notice to produce was not properly served; and we so satisfied Judge Dorsey—so we did not bring it in under that notice. There has been no notice to produce this morning that we recognize. . . It was brought under order of the court only. We were under compulsion to do that. The other notice to produce could not take effect. The sixty days had not expired at the time the trial was announced ready." The court ruled as follows: "The principle of not being required to prove a document is that it comes from the possession of the other party. I think I will overrule the objection." We hold that the court properly overruled the objection to the evidence. Neither did the court commit reversible error in ruling out certain testimony of the witness E. L. Douglas. Applying the law to the undisputed evidence adduced on the trial of the case, the court did not err in directing the verdict for the defendants, or in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*