FRASER *v.* MARTIN *et al.*

No. 14470. APRIL 13, 1943.

686

*Luther Alverson,* for plaintiff.   *Clarke & Clarke,* for defendants.

GRICE, Justice.   Only two questions are argued in the briefs of counsel:  (1)  merger, and  (2)  the validity of Clarke's appointment as trustee and his right to advertise and sell as the agent of Miss Martin.

■  Fraser contends that when Miss Martin took a conveyance of the property from G. W. Smith, the estate she then held under the loan deed became merged into that she acquired from Smith,

and that the resulting merger of estates "automatically canceled" the loan. He does not contend that the loan has been paid, or that Miss Martin in taking the deed from Smith intended that a merger should take place, and offers no evidence, other than the conveyances themselves, to establish his contention. While it is a general rule of law that when two estates in the same property unite in the same person in his individual capacity, the lesser estate is merged in the greater (Code, § 85-710), in equity there are exceptions to this rule. One of the exceptions is that the lesser is not merged in the greater when it appears that the person in whom the two estates meet intends that it shall not take place. *Knowles* v. *Lawton,* 18 *Ga.* 476 (63 Am. D. 290) ; *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (35 S. E. 347) ; *Coleman & Burden Co.* v. *Rice,* 115 *Ga.* 510 (4) (42 S. E. 5). "In equity the rules of law are not followed, and the doctrine of merger is not favored. Equity will prevent or permit a merger as will best subserve the purposes of justice and the actual and just intent of the parties, whether express or implied. The doctrine of merger has its foundation in the convenience of the parties interested ; and therefore whenever the rights of strangers, not parties to the act, that would otherwise work an extinguishment of the particular estate, require it, the two estates will still be considered as having a separate continuance. Wherever a merger will operate inequitably, it will be prevented. The controlling consideration is the intention, express or implied, of the person in whom the estates unite, provided the intention is just and fair, and a merger will not be permitted contrary to such intent. Where there is no expression of intention, it will be sought for in all the circumstances of the transaction, and may be gathered not only from the acts and declarations of the owner of the several independent rights, but from a view of the situation as affecting his interests, at least prior to the presence of some right in a third person. And equity will presume such an intent as is consistent with the best interests of the party." 21 C. J. 1034, § 234. "The doctrine of merger of estates is designed primarily for the benefit of one who acquires an interest in the property greater than he possessed in the first instance, and will not be held to apply against his will to his disadvantage." *Seaboard Air-Line Ry. Co.* v. *Holliday,* 165 *Ga.* 200 (140 S. E. 507). "Since a court of equity is not bound by the legal rules of merger,

it will prevent or permit a merger of estates according to the intent of the parties, either actually proved or implied from the fact that the merger would be against the interest of the party in whom the several estates or interests have united." 10 R. C. L. 666, § 27. In *Pope* v. *Hammond,* 168 *Ga.* 818 (149 S. E. 204), this court held: "Where the holder of a security deed subsequently (after a judgment lien has attached to the equity of the grantor) receives a quitclaim deed to the land conveyed in the former deed, but does not surrender or cancel the note or the deed securing the same, and obtains a transfer of tax fi. fas. to be kept alive and entered upon the general execution docket, a merger of the two estates being against the interest of such holder, and inequitable, and there being no evidence of an intent upon his part to effect a merger, an intent not to merge will be presumed, and a court of equity will decree that no merger was effected." The decision in that case seems to be controlling in principle in this case. A merger would have been against the interest of Miss Martin, and inequitable. The deed from Smith by its terms conveyed the property to her subject to and not in satisfaction of the security deed. Her act in undertaking to bring the property to sale under that deed for the purpose of collecting the loan she held upon the property manifests an intention on her part that there was to be no merger of the two estates, and a court of equity will presume that she did not intend that which would so obviously be to her injury

The statement in *Muscogee Manufacturing Co.* v. *Eagle & Phenix Mills,* 126 *Ga.* 210 (7) (54 S. E. 1028, 7 L. R. A. (N. S.) 1139), that if two estates in the same property united in the same person in the same capacity, and it is contended that no merger took place, the person making such contention, if entitled so to do, must allege and prove facts negativing the existence of such merger, does not mean that if on the face of the instruments themselves it affirmatively appears that no merger took place, aliunde proof of that negative fact should be given. Nor was anything contrary to what we now hold ruled in *Landrum* v. *Carey,* 185 *Ga.* 76 (194 S. E. 362). In *Pitts Banking Co.* v. *Fenn,* 160 *Ga.* 854 (129 S. E. 105), the rule was distinctly recognized that the intention that a merger should not take place might appear expressly from the writings themselves. We hold this to be that kind of a case.

■ There is no merit in the contention that Clarke, as the substituted trustee, had no right to expose the property for sale. The trustee originally named who had the power of sale was the Merchants & Mechanics Banking & Loan Company. There is an express provision in the deed, in the clause thereof numbered seven, providing for the creation of a new trustee by the holder or holders of the obligation secured thereby. This record affirmatively shows that Clarke was, by formal action of the holder of the debt secured by the deed, substituted trustee, with all the powers of the one originally named.

*Judgment affirmed. All the Justices concur.*