### 38885. COLUMBUS PLUMBING, HEATING & MILL SUPPLY COMPANY *et al.* v. HOME FEDERAL SAVINGS & LOAN ASSOCIATION, *et al.*

DECIDED JUNE 26, 1961.

*Max R. McGlamry, Clyde L. Armour, Jr.,* for plaintiffs in error.

*Foley, Chappell, Kelly & Champion, Kenneth M. Henson, Hatcher, Smith, Stubbs & Rothschild, Albert W. Stubbs,* contra.

FELTON, Chief Judge. This court transferred this case to the Supreme Court, without opinion, upon the theory that the allegations contained in the claims and the prayer that the title to the surplus sums be decreed to be the claimants', upon authority of *Cromley v. Motor Liens, Inc.,* 164 Ga. 16 (137 SE 778), and *Bowman v. Poole,* 212 Ga. 261 (91 SE 2d 770), made a case for the invocation of the superior powers of a court of equity to decree a transfer from a title to land to a title to a part of the funds derived from a sale of the land. The Supreme Court returned the case to this court, ruling that the questions in the

case could be decided as any ordinary questions in a claim case by a court of law. See 216 Ga. 706 (119 SE2d 118). This ruling supersedes conflicting rulings, if any, in *Smith v. C. I. T. Corp.*, 64 Ga. App. 481 (13 SE2d 731) and *General Finance &c. Corp. v. Bank of Wrightsville*, 92 Ga. App. 808 (90 SE2d 93).

■ The garnishee and claimants moved to dismiss the writ of error on the ground that although the cases were consolidated for the purpose of trial, the Court of Appeals is without jurisdiction for the reason that the plaintiffs' rights of action are two separate and unrelated cases and required separate bills of exceptions. This question is answered by the case of *Scales v. Peevy*, 103 Ga. App. 42 (118 SE2d 193).

■ A garnishee may file an answer to a summons at any time before the plaintiff moves for a judgment against it, as in this case. *Owen v. Moseley*, 161 Ga. 62 (129 SE 787). Even if the first answers were not amendable, a question which it is not necessary to decide, the garnishee filed proper answers before motions for judgments by the plaintiffs were made. The *Moseley* case reviews, explains and distinguishes cases cited by the plaintiffs and supersedes decisions by this court to the contrary.

■ There was a fund subject to adjudication under garnishment and claim proceedings. While the garnishee may not have received in cash the surplus over and above the amount due under the garnishee's deed, the consequence of the claim and bond to dissolve the garnishment is a constructive receipt of the surplus. The same may be said of the letter of indemnity given by the claimant to the garnishee in lieu of actual payment of the surplus.

■ The gravamen of this case is whether the claimant under equitable principles, of which a court of law has been held to have jurisdiction, is entitled to the surplus contended for. The claimants held a recorded security deed to the real property in question. The general judgments of the plaintiffs were obtained against the debtor Cooper several months after claimants' security deed was recorded. On equitable principles when the claimants' title under their second security deed was extinguished by the sale by the garnishee under its prior deed the

rights of the claimants under their second deed were transferred from the property to the proceeds of the sale over and above the amount due on the first security deed up to the amount due the claimants on their second security deed. *East Atlanta Bank v. Limbert*, 191 Ga. 486 (12 SE2d 865); Markey v. Langley, 92 U. S. 142 (23 L. E. 70); *Parker v. Kidd*, 32 Ga. App. 98 (122 SE 630); *McIntire v. Garmany*, 8 Ga. App. 802 (70 SE 198); *Guaranty Investment &c. Co. v. Athens Engineering Co.*, 152 Ga. 596 (110 SE 873).

■ There was no such merger of title to the land involved as would prevent the claimants from asserting their rights under their second security deed to the surplus over and above the garnishee's claim under its first security deed. The entire title to the property merged in the claimants, but to hold that the claimants' buying in the property at the sale under power by the garnishee to protect themselves precluded them from claiming the surplus would be unreasonable and unconscionable, in the absence of any fact or circumstance to show an intent on the part of the claimants to forego their rights to the surplus. The facts here are different from those in *Franklin Mortgage Co. v. McDuffie*, 43 Ga. App. 604 (1) (159 SE 599). There the original borrower sold the property subject to the first security deed and the purchaser sold the property to the Franklin Mortgage Co. which purchased the first security deed and notes. Neither does *Wrenn v. Massell Investment Co.*, 56 Ga. App. 802 (194 SE 263) govern this case. There the holder of a security deed purchased the equity of redemption. Mergers are not allowed which produce inequitable results. See on this general subject: *Perry v. First Mutual Bldg. &c. Assoc.*, 174 Ga. 914 (164 SE 804); *Coleman & Burden Co. v. Rice*, 115 Ga. 510 (4) (42 SE 5); *Fraser v. Martin*, 195 Ga. 683, 687 (25 SE2d 307); *Seaboard Air-Line Ry. Co. v. Holliday*, 165 Ga. 200 (140 SE 507); *Landrum v. Carey*, 185 Ga. 76 (3) (194 SE 362).

The effect of the court's judgment is to find that the claimants are entitled to the surplus involved so that any technical irregularities in the judgments need not be dealt with. The judgments are affirmed.

*Judgments affirmed. Bell and Hall, JJ., concur.*