39227. BARRON BUICK, INC. v. KENNESAW FINANCE COMPANY.

DECIDED FEBRUARY 16, 1962—REHEARING DENIED MARCH 2, 1962.

452

*Reed, Ingram & Flournoy, Robert E. Flournoy,* for plaintiff in error.

*Edwards, Bentley, Awtrey & Bartlett, Fred E. Bartlett, Jr.,* contra.

BELL, Judge. ■ The defendant in error has moved to

dismiss the appeal on the ground that no sufficient assignment of error is made by the plaintiff in error to the rule absolute granted by the trial court. The rule absolute reads: "After a hearing in the above styled matter, it is ordered that the defendant, Kermit C. Sanders, Sheriff of Cobb County, Georgia, pay to Kennesaw Finance Company the amount of $470.30, the amount of the lien claimed under the money rule filed in this case and apply the balance of the funds in his hands to the payment of court cost."

The plaintiff in error excepted to this rule absolute in the following language: "to which judgment Barron Buick, Inc. then and there excepted and now excepts and assigns said order and judgment as erroneous upon the ground that the same is contrary to law, contrary to the evidence *and without evidence to support it* and contrary to the principles of equity and justice, in that judgment should have been rendered in favor of Barron Buick, Inc. and the Sheriff of Cobb County, Kermit C. Sanders, directed to pay the fund less court costs to Barron Buick, Inc." (Emphasis added.)

In *Groover, Stubbs & Co. v. Inman*, 60 Ga. 406, 407 (5), the exception to the decree was that it is "contrary to law and evidence." The Supreme Court held this was not a sufficient assignment of error, in that it did not state wherein it was contrary to law or evidence.

In *Scott v. Weinberg*, 97 Ga. App. 27 (102 SE2d 56) this court followed the *Groover* case. The exception to the judgment in the *Scott* case was that it is "contrary to law and contrary to the principles of equity and justice."

On first impression the present assignment of error would appear to be a combination of those in the above cases, each of which was held to be insufficient. However, this assignment of error goes further and adds that the order and judgment was *without evidence to support it.*

Here the judgment to be reviewed is not one granting or denying a new trial. The same rules as to assignments of error on motions for new trials apply to assignments in the bill of exceptions. *Binion v. Georgia S. & F. Ry. Co.*, 118 Ga. 282, 285 (45 SE 276). Since the words "contrary to the evidence" in a

motion for a new trial are considered sufficient to assign error on· the general grounds, it appears that an assignment of error that the judgment is *contrary to the evidence and without evidence to support it* is a proper assignment of error in a case such as we have here.

Where an evidentiary foundation is essential to a judgment, an assignment of error that the judgment is without evidence to support it points out sufficiently that the judgment is erroneous and shows why it is deficient. Where evidence is required and there is no evidence, the judgment is obviously contrary to law.

The motion to dismiss the writ of error is denied.

■ The question for determination on the merits of the case is which claimant is entitled to the fund from the judicial sale held by the Sheriff of Cobb County, Georgia.

Under the facts as stipulated, Kennesaw, at the time it took its bill of sale to secure debt, had knowledge of the unrecorded promissory note and conditional-sale contract which was later assigned to Barron. Kennesaw's knowledge of the antecedent security instrument which Barron foreclosed would make Barron's claim paramount. The record notice of Kennesaw's security instrument did not affect the rights of Barron as the purchaser of the rights of People's Loan & Finance Co. under their security instrument, which had priority over that of Kennesaw. Barron, by its purchase, obtained the superior security instrument, succeeding to the rights of the People's Loan & Finance Company.

Kennesaw contends that there was a merger when Barron became the holder of the equitable and legal titles, which extinguished the debt for which the legal title was held as security. This had the effect, it is urged, of advancing Kennesaw's subordinate claim to first priority over the proceeds of the judicial sale.

The doctrine of merger applies where the legal and equitable interests in property become merged in the same person. Unless there is an agreement to the contrary or it is the intention of the party in whom the equitable and legal estates unite that there be no merger, the merger results. The person contending

that no such merger took place has the burden of proof. *Muscogee Mfg. Co. v. Eagle & Phenix Mills,* 126 Ga. 210 (7) (54 SE 1028, 7 LRA (NS) 1139).

While, as a general rule, a party may not have a lien on his own property, the owner of the property, on which there is a lien created or imposed by another, may protect himself by purchasing the lien. *Code* § 85-711. We assume, but do not decide, that the *Muscogee Mfg. Co.* case applies to the present case so as to place the burden of proof upon the intervenor, to show that merger did not operate to extinguish the paramount claim against the property which he had purchased. The intervenor is aided by a presumption that the merger did not take place. This presumption, coupled with the intervenor's efforts at enforcing its claim against the property by foreclosure and the fact of intervention in the present action to claim the proceeds of the sale, all combined to carry the burden of proof that the merger did not take place.

However, in the absence of a contrary intent the merger will not be held to result where it would operate against the interest of the mortgagee, "the presumption being, in the absence of proof to the contrary, that he intended what would best accord with his interests" (59 CJS 681, Mortgages, § 441), and, unless the contrary intent is clearly shown, the acquisition of the equity of redemption by a mortgagee will not bring about a merger if the continued existence of the mortgage is necessary to protect against intervening liens. Ibid. 682, § 441 (b).

"A merger being against the interest and to the disadvantage of the association, an intent to merge will not be presumed." *Perry v. First Mutual Bldg. &c. Assn.,* 174 Ga. 914 (3) (164 SE 804). See also *Slade v. Raines,* 161 Ga. 859 (132 SE 58), and 53 CJS 865, Liens, § 17 (5).

Furthermore, the doctrine of merger "is designed primarily for the benefit of one who acquires an interest in property greater than he possessed in the first instance and will not be held to apply against his will to his disadvantage." *Seaboard Air-Line Ry. Co. v. Holliday,* 165 Ga. 200 (2 d) (140 SE 507).

Kennesaw urges that this action, being a money rule, is not an action in equity but for a statutory remedy where the court

proceeds on equitable principles. *Alsabrook v. Prudential Ins. Co.*, 174 Ga. 637 (163 SE 706). That the court shall proceed in making disposition of a money rule upon equitable principles, is expressly provided in *Code* § 24-211.

Under the facts of this case, equity would prevent the doctrine of merger from being applied, as the mortgagee has an election in equity to prevent the merger and keep the mortgage alive. "In equity the rules of law are not followed, and the doctrine of merger is not favored. Equity will prevent or permit a merger as will best subserve the purposes of justice and the actual and just intent of the parties, whether express or implied. The doctrine of merger has its foundation in the convenience of the parties interested; and therefore whenever the rights of strangers, not parties to the act, that would otherwise work an extinguishment of the particular estate, require it, the two estates will still be considered as having a separate continuance. Wherever a merger will operate inequitably, it will be prevented. The controlling consideration is the intention, express or implied, of the person in whom the estates unite, provided the intention is just and fair, and a merger will not be permitted contrary to such intent. Where there is no expression of intention, it will be sought for in all the circumstances of the transaction, and may be gathered not only from the acts and declarations of the owner of the several independent rights, but from a view of the situation as affecting his interests, at least prior to the presence of some right in a third person. And equity will presume such an intent as is consistent with the best interests of the party." *Fraser v. Martin*, 195 Ga. 683, 687 (25 SE2d 307).

Here Barron, by instituting its action to foreclose its security instrument and then buying the property at the judicial sale, was manifestly seeking to enforce the collection of the debt and did not undertake the proceedings for the purpose of extinguishing its lien. That it did not intend to extinguish the debt by merger, is further reinforced by intervening in the present action seeking to enforce the indebtedness out of the proceeds in the hands of the Sheriff of Cobb County. Where the creditor buys in the property at the sale to protect himself, it would be unreasonable to hold that, by uniting the legal and equitable interest, he

intended to advance a subordinate claim to priority over his own claim. *Columbus Plumbing, Heating &c. Co. v. Home Federal Savings &c. Assn.*, 104 Ga. App. 36 (5), 40 (121 SE2d 62).

In the present record no intention to merge is shown but, on the contrary, it appears that Barron, holder of the paramount lien, did not intend that the doctrine of merger be applied to extinguish its claim and advance the claim of Kennesaw to an unwarranted priority.

Kennesaw argues that Barron, having accepted an incumbered vehicle in trade and then purchasing the paramount lien, the conditional-sale contract, which had priority over Kennesaw, could have had the intent by subterfuge and acted inequitably to extinguish the lien of Kennesaw by the foreclosure process. The answer to this is that Kennesaw, in making its loan, had knowledge of the prior conditional-sale contract and took the risk that this instrument might be foreclosed by the holder or a transferee and, if it were, Kennesaw's interest would also be cut off unless it took steps to buy the property at the foreclosure sale or purchase the paramount security instrument. Having failed to do so, Kennesaw can not complain. The cases cited by Kennesaw are those where the presumed intent for merger to take place was not rebutted. *Clay v. Banks*, 71 Ga. 363, dealt with a situation where one who had the duty to pay off the mortgage attempted to keep it in life. Here Barron had no duty to pay off the conditional-sale contract, but was the holder of it and the note, as a creditor. The record in the present case does rebut the intent that a merger take place. Indeed, under the authorities cited, the presumption would appear to be that merger was not intended, and nothing in the record contradicts this presumption.

The trial judge erred in granting the rule absolute in favor of Kennesaw.

*Judgment reversed with directions that judgment be entered for the intervenor and claimant, Barron Buick, Inc. Felton, C. J., and Hall, J., concur.*