### 74311. ASHBURN BANK v. REINHARDT.
(358 SE2d 675)

CARLEY, Judge.

Appellee-defendant executed in appellant-plaintiff's favor a promissory note and three deeds to secure debt. On March 27, 1985, which was subsequent to appellee's default on the note but prior to any foreclosure on the properties, the parties entered into an agreement. The stated purpose of this agreement was "[t]o avoid the expense and notoriety of foreclosure proceedings. . . ." The agreement provided that, in lieu of foreclosure, appellee would execute and deliver to appellant deeds to the three parcels of real estate. The agreement also contemplated appellant's ultimate sale of the properties "at the earliest practicable date and [the] appl[ication of] the net proceeds to the obligations of [appellee] to [appellant]." The agreement further provided that "the amount of any deficiency after sale of the collateral is unknown [but] [t]he rights and claims of [appellee] and [appellant] with respect to [this] and other questions are expressly reserved."

Pursuant to this agreement, appellee conveyed the three parcels of property to appellant by warranty deed. Thereafter, appellant apparently sold the properties to third parties and then brought this suit against appellee, seeking to recover an amount that was alleged to represent the unpaid balance that was owed by appellee on the promissory note. Appellee answered, raising several defenses. Appellant subsequently moved for summary judgment in its favor. The trial court denied appellant's motion but certified its order for immediate review. This appeal results from the grant of appellant's application to this court for an interlocutory appeal from the denial of its motion for summary judgment.

1. Among the defenses raised by appellee is the contention that appellant, having failed to seek confirmation of any sale of the properties pursuant to OCGA § 44-14-161, is barred from seeking a

deficiency judgment.

By its terms, OCGA § 44-14-161 applies "[w]hen any real estate is sold on foreclosure, without legal process, and *under powers contained in security deeds,* mortgages, or other lien contracts. . . ." (Emphasis supplied.) "On its face, therefore, it refers only to the foreclosure procedure. [Cit.]" *Gentry v. Hibbler-Barnes Co.*, 113 Ga. App. 1, 2 (2) (147 SE2d 31) (1966). "This statute is in derogation of the common law and it has been and must be strictly construed. [Cit.]" *Taylor v. Thompson*, 158 Ga. App. 671, 672 (282 SE2d 157) (1981).

In this case, it is clear that no sale of the properties pursuant to non-judicial foreclosure by the exercise of a power of sale has ever occurred. Appellee voluntarily conveyed the property to appellant by warranty deed for the express purpose of *avoiding* non-judicial foreclosure through appellant's exercise of the power of sale. Such sales of the property as appellant itself may have made to third parties subsequent to appellee's voluntary conveyance were not sales which were made by appellant pursuant to its exercise of a power of sale. Accordingly, OCGA § 44-14-161 is inapplicable as a matter of law and appellee's reliance upon its provisions is not a "right" which was "reserved" to him under the parties' express agreement of March 27, 1985.

2. Appellee also raised the doctrine of merger as a defense. He asserts that an issue of fact remains as to whether his conveyance of the properties to appellant resulted in an extinguishment of the underlying debt by operation of that doctrine. See generally *Franklin Mtg. Co. v. McDuffie*, 43 Ga. App. 604 (1) (159 SE 599) (1931). *Wrenn v. Massell Investment Co.*, 56 Ga. App. 802 (1) (194 SE 263) (1937).

The doctrine of merger does not apply "when it appears that the holder of both [estates] intended that a merger should not take place. The intent controls. [Cit.] Such intention sometimes expressly appears from the writings. . . ." *Pitts Banking Co. v. Fenn*, 160 Ga. 854 (1) (129 SE 105) (1925). The warranty deed which was executed and delivered by appellee to appellant specifically recites that the conveyance of the properties was being made pursuant to the parties' agreement of March 27, 1985 and that the agreement of that date would survive the delivery of the deed. The March 27, 1985 agreement clearly evinces not merely the intent of appellant, but the mutual intent of both appellant and appellee that no merger and extinguishment of the debt would occur as the result of the conveyance. It specifically provides that appellant's acceptance of the conveyance in lieu of foreclosure does not purport to evince its waiver or compromise of "any *existing differences or claims* against [appellee]. The sole purpose and effect of the transfer is to avoid the expense and publicity of foreclosure proceedings. . . . [T]he *amount of any deficiency* after sale of the collateral is unknown. The rights and claims of [appellee] and [appellant] with respect to [this] and other questions [is] ex-

pressly reserved." (Emphasis supplied.) Prior to the conveyance, appellant obviously had an "existing" claim against appellee on the note. The agreement clearly contemplates that, after the conveyance, appellee had merely the "right" to contest the extent to which he remained liable to appellant on the note, and not the "right" to contest the continued existence of appellant's claim against him on the note. "We think the intention that there should be no merger is a necessary deduction from the writings themselves." *Ferris v. Van Ingen & Co.*, 110 Ga. 102, 111 (3) (35 SE 347) (1899). Since the intent that no merger and extinguishment of the debt affirmatively appears on the face of the relevant instruments themselves, no further proof of the inapplicability of appellee's merger defense was necessary. *Fraser v. Martin*, 195 Ga. 683, 688 (1) (25 SE2d 307) (1943).

3. Subsequent to March 27, 1985, appellant apparently caused two of the deeds to secure debt to be marked "satisfied" and to be cancelled of record. The record does not indicate whether this may have been done merely to facilitate appellant's sale of the two properties or whether it was done for other reasons. Appellee urges that, in the absence of an explanation, an issue of fact remains as to whether the acts evince the existence of an intent on the part of appellant that his debt would thereby be extinguished. However, the retention of at least one deed to secure debt which contains a dragnet clause and which is neither marked "satisfied" nor which was cancelled of record manifests appellant's intent that the entire debt was not to be extinguished and evinces the continued viability of its right to sue on the underlying debt. Compare *Woodside v. Lippold*, 113 Ga. 877 (39 SE 400) (1901).

4. Resolution of the issues discussed above does not require a complete reversal of the trial court's order. Our review of the record shows that genuine issues of material fact remain with regard to the amount of the unpaid indebtedness that appellee owes to appellant. Accordingly, the order denying summary judgment in favor of appellant is reversed as to the issue of liability. The order is affirmed as to the issue of damages.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 15, 1987.

*Ben B. Mills, Jr.*, for appellant.
*Thomas H. Pittman*, for appellee.