## WILLIAMS *v.* ROWE BANKING COMPANY.

No. 16771. SEPTEMBER 15, 1949.

*J. T. Sisk,* for plaintiff.

*Rupert A. Brown* and *R. Howard Gordon,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Williams insists that, when he executed his note to the bank and received in return therefor the note Thomas had given the bank with the notation "Paid by new note by C. F. Williams," this was a novation, and precluded the bank from exercising the power of sale contained in the security deed.

A novation is a complete contract within itself, and has four essential requisites: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one. *Savannah Bank & Trust Co.* v. *Wolff,* 191 *Ga.* 111 (4) (11 S. E. 2d, 766). Under the facts here, the original note and security deed executed by Thomas to the Bank of Toccoa constituted a single contract. *Cocke* v. *Bank of Dawson,* 180 *Ga.* 714 (1) (180 S. E. 711). The acceptance of the note of Williams in lieu of the note by Thomas, leaving unchanged the security deed with power of sale, which had been executed by Thomas in favor of the bank, was only a change in one of the terms of the original contract. It changed the source of payment, but not the manner of sale as provided for in the deed in the event of default, as the terms of the deed still carried the

right to sell the land as the property of Thomas in the event of a failure to pay in accordance with its terms. Accordingly, there was no extinguishment of all the terms of the original contract, and the new contract is lacking in that essential element to constitute a novation.

*Judgment affirmed. All the Justices concur.*