## 47716. THORNTON v. HAMPTON.

HALL, Presiding Judge. Defendant in a personal injury action appeals from the judgment and from the denial of his motion for a new trial. Plaintiff was driving his pickup truck with his wife and children as passengers. As he approached a bend in the road, a large rock flew into his windshield, breaking it and injuring him in the eye. Plaintiff, his wife and sons testified that a blue and black car was just adjacent to the truck traveling in the opposite direction when the rock struck the windshield; that the car was traveling at an excessive rate of speed (about 75 miles per hour); that as it had come around the curve, the rear end had swerved off the road; and that they were sure the rock had been hurled up by the wheels of this car. They also testified that as soon as plaintiff had recovered his senses and inspected his family for injury, he turned his truck around in pursuit; that about a mile up the road they came upon the blue and black car; that plaintiff caused it to stop by blowing his horn; and that the defendant was driving.

All witnesses agree that plaintiff accused defendant of throwing up the stone and that defendant replied that he was not aware of having done it. Plaintiff and his family testified that defendant then made an admission

that he had felt a bump against his tire; and that he also stated that if plaintiff would not call the police he would pay for the damages as he was insured.

Defendant (who was a seventeen-year-old boy at the time of the occurrence) and his passenger both testified that they had traveled along the road at a speed of 55 to 60 miles per hour; that they had not swerved or left their lane going around any curve; that they had met *no* oncoming vehicles, including plaintiff's, along the stretch of road in question; had felt no bump on the tires; and that the first time they saw plaintiff or his truck was when they were brought to a stop by his horn up the road. They both denied that defendant made any of the above statements in the roadside conversation with plaintiff.

1. Defendant contends the court erred in refusing to grant a mistrial when testimony was offered three times concerning defendant's purported statement that he was insured. The court admitted the testimony as part of the res gestae and admonished the jury not to consider the fact of insurance when determining the issue of liability. The court did not err in refusing a mistrial. *Goldstein v. Johnson,* 64 Ga. App. 31 (12 SE2d 92); *Sims v. Martin,* 33 Ga. App. 486 (126 SE 872).

2. Defendant also contends the court erred in allowing plaintiff to amend his complaint to allege loss of wages on the first day of trial, January 10, when the pre-trial order provided that amendments should be filed by January 6. We do not believe the court erred for several reasons: the pre-trial order also provided that plaintiff might claim loss of wages if he amended; Code Ann. § 81A-116 allows modification of pre-trial orders at the trial; and defendant did not object to the amendment when offered but only at the end of the trial when the court had charged the jury on lost wages. For the same reasons, the court did not err in giving this charge.

3. Finally, defendant contends the court erred in refusing

to give any of his requested charges pertaining to legal accident. While defendant did plead accident, there was no evidence developed at the trial to support this theory. The evidence demands a finding either that defendant was negligent or that he was not involved in the occurrence at all. It would not authorize a finding that defendant's automobile cast up the rock while defendant was proceeding past plaintiff with ordinary care. See *Bush v. Skelton,* 91 Ga. App. 83 (84 SE2d 835).

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED JANUARY 4, 1973 — DECIDED FEBRUARY 7, 1973.

*Pittman, Kinney, Kemp, Pickell & Avrett, Donald G. Loggins,* for appellant.

*McDonald, McDonald & McDonald, C. Ernest McDonald, Ralph F. Martin, Jr.,* for appellee.