49193. SMITH et al. v. BILLINGS et al.

CLARK, Judge.

The plaintiffs in this case filed suit against a mother and son for trespass to realty. The claim for damages is based upon defendants having leveled a chain link fence which plaintiffs had erected upon land believed to be their property. Defendants contend the fence to have been built on their land and therefore its destruction was not a trespass. At one time the mother owned both parcels of land but had conveyed plaintiffs' parcel to her son who was a predecessor in title of the plaintiffs. Four interlocutory orders were entered in this case on December 3, 1973, and the trial judge certified the orders for immediate review. *Held:*

1. A partial summary judgment was entered in this action on April 16, 1973. On June 21, 1973, a pre-trial order was entered with the clerk showing the signature and approval of counsel for both sides and the approval of the trial judge which was filed with the clerk. This pre-trial order recited verbatim the content of the partial summary judgment order and contained other matter designed to control the subsequent course of action of this litigation. Another order was entered September 12, 1973, which rescinded in toto the pre-trial order of June 21, 1973. Again on December 3, 1973, another order was entered which provided in part: ". . . this order specifically does not rescind the disapproval of the pre-trial order entered into by the parties." The entry of the latter two orders which purport to rescind the pre-trial order of June 21, 1973, are enumerated as error. The pre-trial order provided: "On written motion, timely made, the court, to prevent manifest injustice, may

amend the pretrial order." CPA § 16 (Code Ann. § 81A-116) provides in part "and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." Under these circumstances, the trial judge erred in rescinding the pretrial order on his own motion. The Civil Practice Act does not provide any authority for the trial judge to take this action. In this connection see *Reynolds v. Reynolds,* 217 Ga. 234, 238 (123 SE2d 115).

2. Plaintiffs made a request for admissions which was served on the defendants and filed on September 28, 1973. On October 11, 1973, defendants filed objections to the request. On October 18, 1973, plaintiffs moved that defendants' objections be stricken and that answers be required to be made. Prior to any ruling on either the objections or the motion to strike the objections, the defendants, on November 26, 1973, filed answers. On December 3, 1973, an order was entered which provided ". . . it is ordered that the motion to overrule the defendants' objections to plaintiffs' request for admissions are overruled and the request for admissions are deemed to be admitted unless amended answers are filed by defendants within ten (10) days of this order." Accordingly, even though defendants answered the request on November 26, 1973, which mooted the issue as to the objections, the court by this order "overruled" the plaintiffs' motion to strike the objections which at least authorizes an inference that defendants' objections were sustained. But the court then took inconsistent action by ordering that the request be deemed to be admitted unless amended answers were filed within the specified number of days. On December 13, 1973, defendants filed another motion to vacate this order wherein they recited that since they had answered plaintiffs' request for admissions, the issue was moot but they were uncertain whether they were required to answer again in view of the order of December 3, 1973. At the same time, defendants re-filed answers to plaintiffs' request. These answers are identical to those filed on November 26, 1973. Consequently, no amended answers were filed and it cannot be said that defendants have waived their right to have this issue passed upon.

Looking at the question objectively, the court erred. The statute on request for admissions, CPA § 36 (Code Ann. § 81A-136) provides in part that the party who has requested the admissions may move to determine the sufficiency of the answers or the objections. Here, the only motion filed by plaintiffs went to the sufficiency of the objections filed which the court " overruled," even though the issue was mooted when defendants answered it. No motion has ever been filed that the answers were insufficient. Nonetheless the court on its own motion apparently determined that they were insufficient when it ordered that the matters contained in the request would be deemed admitted unless amended answers were filed. Defendants have not been placed on notice as to the matter in which their answers were insufficient, particularly when most of the matters were flatly denied. (Query: How does a litigant amend a denial?) In the absence of a motion by plaintiffs to determine the sufficiency of the answers in a hearing the trial court erred in entering this order and in determining that defendants' answers were insufficient.

3. The next three enumerations of error (Nos. 6, 7, and 8) attack the remaining December 3, 1973, orders which directed the sheriff to put plaintiffs in possession of the premises in conformance with the description contained in the deed from the co-defendant mother and also orders the sheriff "To make a return on the Writ of Possession with his actings and doings relating to physical evidence on the premises." This in effect carried out the previous partial summary judgment ruling. Appellants insist that the issuance of the writ of possession constituted usurpation of the power of the jury to decide the ultimate fact. We disagree. The effect of the writ of possession was merely to put plaintiffs in possession of that parcel which they had acquired from successors in title to the son using the same land description as that in the mother's deed to the son. The ultimate question still remained for jury determination: Was the fence erected upon that parcel or upon land belonging to the co-defendant mother? Defendants' reliance upon *Hopkins v. Vance,* 153 Ga. 754 (113 SE 157) is without basis because there the issuance of a writ of

possession at an interlocutory hearing was entered erroneously in an instance involving adverse possession so that the writ invaded the ultimate question.

4. There is no merit to the seventh enumeration of error in which the assertion is made that the trial court erred in ordering the sheriff "To make return of this Writ and . . . enter thereon any physical evidence on the premises as to the location of purported fence or remnants thereof." The appellate record contains the December 17th return of the sheriff showing that he enforced the writ by placing plaintiffs in possession of that tract of land described in the deed from the co-defendant mother to the co-defendant son. This return also contains a recital of his observations of the physical aspects as of that date. Nevertheless, from the standpoint of this appeal, we cannot pass upon the enumerated error because we do not know if this portion of the sheriff's return will ultimately be ruled to be admissible evidence at the trial. Any ruling at this time would be obviously premature and would constitute an advisory opinion. This court does not have power to render advisory opinions. *Trainer v. City of Covington,* 111 Ga. App. 425 (142 SE2d 75).

5. All other enumerations are either rendered moot or have no merit.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED APRIL 1, 1974 — DECIDED JUNE 21, 1974.

*Kyle Yancey,* for appellants.
*Greene, Smith & Tarver, Laurie C. Davis,* for appellees.

