## 59647. SUTTON v. GENERAL ELECTRIC CREDIT CORPORATION.

BANKE, Judge.

In November 1973 the appellant executed a conditional sales contract to appellee covering the purchase of two pieces of equipment, a scraper and a backhoe, in a principal amount exceeding $100,000: In October 1974 the backhoe became imbedded near a river, and appellant sued two insurers of the backhoe, as well as appellee, to recover for his loss. In an agreement between the parties to dismiss appellee as a defendant in the litigation, a separate promissory note and chattel mortgage were executed in April 1975 by appellant to appellee. These documents covered only the scraper. Appellant concedes that the original note was not extinguished, but that the interest was to remain dormant pending the outcome of the backhoe litigation.

The appellant defaulted on the 1975 note and mortgage, and the scraper was repossessed. This appeal is from the grant of summary judgment to appellee in a suit to collect the deficiency after sale of the scraper. Appellant contends that the note and mortgage of April 1975 are in legal effect, a novation, rather than "a partial renewal and extension" of the original indebtedness as found by the trial court. If a renewal or extension occurred, the interest charged, though in excess of 6 percent is permissible under the provisions of Code Ann. § 57-119, because the original contract involved a principal sum in excess of $100,000. On the other hand, if the agreement concerning the scraper constitutes a novation, an issue of usurious interest exists because the principal sum is less than $100,000. *Held:*

"A novation is a complete contract within itself and has four essential requisites: (1) A previous valid obligation, (2) the agreement of all of the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one." *Williams v. Rowe Banking Co.,* 205 Ga. 770, 771 (55 SE2d 123) (1949). The appellant testified on the motion for summary judgment and

acknowledged that the original note was still outstanding. The trial court correctly determined that the note and mortgage of April 1979 "constituted a partial renewal and extension of an indebtedness in [excess of $100,000]... and there was no restriction in the amount of interest which could be charged."

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED APRIL 15, 1980 — DECIDED MAY 5, 1980.

*H. G. Bozeman,* for appellant.
*James V. Hilburn,* for appellee.