SOUTHERN NATIONAL BANK OF NORTH CAROLINA v. B & E CONSTRUCTION COMPANY, INC., ARTHUR B. JACOBY AND BOB M. BARLOW

No. 7916DC891

(Filed 20 May 1980)

1. **Bills and Notes § 20— evidence that note was paid in full—summary judgment improper**

In an action to recover on a negotiable promissory note on which the individual defendants were allegedly liable as endorsers, the fact that the note had at one time been marked "paid," coupled with one defendant's testimony that he knew that the note had been paid, raised a genuine issue of material fact as to whether the note had in fact been satisfied, and the trial court therefore erred in granting summary judgment for plaintiff.

2. **Rules of Civil Procedure § 36— requests for admissions deemed admitted— procedure**

To be entitled to have requests for admissions deemed admitted for insufficiency of the responses thereto under G.S. 1A-1, Rule 36, a party must first move the trial court to determine the sufficiency of the responses and then obtain a ruling from the court to this effect.

---

APPEAL by defendant from *Gardner, Judge.* Judgment entered 15 May 1979 in District Court, ROBESON County. Heard in the Court of Appeals 20 March 1980.

In this action the plaintiff bank is seeking payment from the defendants based upon a negotiable promissory note. Plaintiff alleged in its verified complaint that on or about 12 August 1975 defendant B & E Construction Company, Inc. executed and delivered to it a promissory note, payable on demand, in the principal amount of $25,000 with interest of nine percent per annum. The note itself was marked "paid", although this mark is crossed through and marked "paid in error, 9/10/75" followed by initials. Plaintiff alleged that the construction company defaulted under the note, that demand was made upon the defendants for payment, but payment was not made, and that the individual defendants Arthur B. Jacoby and Bob M. Barlow were liable on the note as endorsers. Plaintiff demanded judgment in the principal sum of $25,000 together with interest, court costs and reasonable attorney's fees as provided in the note.

Defendant Jacoby's unverified answer denied, on information and belief, the note, his endorsement and plaintiff's demand for payment, further defending on grounds that the note had been paid in full. On 2 January 1979, plaintiff served defendant Jacoby with detailed requests for admissions which were answered by defendant on the day of the hearing on plaintiff's motion for summary judgment. At the hearing defendant Jacoby testified that the note had been paid off. From the trial court's granting of plaintiff's motion for summary judgment against all defendants, defendant Jacoby appeals.

*Levine, Goodman & Pawlowski, by Miles S. Levine, for defendant appellant.*

*C. Christopher Smith for plaintiff appellee.*

WELLS, Judge.

[1] The principal question presented in this appeal is whether the trial court properly entered summary judgment under G.S. 1A-1, Rule 56 in favor of the plaintiff. The movant has the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Singleton v.*

*Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972). Summary judgment is available to a plaintiff as well as a defendant. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971).

In this case, the fact that the note was at one time marked "paid", coupled with defendant Jacoby's testimony that he knew that the note had been paid, raises a genuine issue of material fact as to whether the note had in fact been satisfied. Jacoby's testimony, showing his personal knowledge of payment, is more than a conclusory allegation. Jacoby testified, "I know the note was paid off. That I know as a fact." We believe that this testimony shows defendant's personal knowledge of payment and represents a forecast of evidence available to the defendant at trial, demonstrating the existence of a genuine issue of material fact. This is all the defendant needs to show in order to defeat plaintiff's motion for summary judgment. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979).

[2] The secondary question presented in this appeal concerns the sufficiency of defendant's responses to plaintiff's requests for admissions. Plaintiff submitted detailed requests with respect to the matters concerning defendant's alleged indebtedness and defendant's failure to respond to plaintiff's demands for payment. Defendant's responses, filed the day of the hearing, were as follows:

1. That the answers contained in Paragraphs #'s 1, 7, 8, 9, 10, 16, 17, 18, 19(a-e) are admitted.

2. That the answers contained in Paragraphs #'s 2, 3, 4, 5, 6, 11, 12, 13, 14, & 15 are denied.

Plaintiff argues that defendant Jacoby's mere denial of many of the matters to which his request for admissions were addressed did not comply with the required specificity of Rule 36, and that the trial court was correct in treating its requests as admitted for purposes of ruling on its motion for summary judgment. We do not decide whether defendant's responses have met the required specificity of the Rule, since we hold that a party, to be entitled to have requests for admissions deemed admitted for insufficiency under Rule 36, must first move the trial court to determine the

sufficiency of the responses and then obtain a ruling from the court to this effect.[1]

Under the 1975 amendments to G.S. 1A-1, Rule 36, "[t]he party who has requested the admissions may move to determine the sufficiency of the answers or [the responding party's] objections [to the requests]." 1975 N.C. Sess. Laws, ch. 762.[2] Thus, under the amended Rule, if the party who serves the requests believes any of the responding party's answers are insufficient, the party serving the requests

> may move [the trial court] for such a determination. . . . In the case of answers not complying with the Rule, it may order the matter admitted, or order the party to serve amended answers. In lieu of any of these orders, the court may order that the matter be put over for determination at the pre-trial conference or at some designated date.

4A Moore's Federal Practice ¶ 36.06, p. 36-74 (1980). The justification stated for this amended procedure is that

> [g]iving a defective answer the automatic effect of an admission may cause unfair surprise. A responding party who purported to deny or be unable to admit or deny will for the first time at trial confront the contention that he has made a binding admission. Since it is not always easy to know whether a denial is "specific" or an explanation is "in detail," neither party can know how the court will rule at trial and whether proof must be prepared. Some courts, therefore,

---

1. We note, however, that the rule explicitly provides that a denial, "shall fairly meet the substance of the requested admission, and where good faith requires that a party qualify his answer or deny only part of the matter of which an admission is requested, he shall specify so much of it as true and qualify or deny the remainder." It has been held that an answer is sufficient if it simply admits or denies the matters concerning which admissions are requested—the answer need not set out the evidence in support of the sworn statement or give the names of witnesses to be called by the party. *Van Horne v. Hines*, 31 F. Supp. 346 (D. D.C. 1940). Most of the reported litigation involving the sufficiency of answers to requests for admissions has been concerned with the clarity or sufficiency of *qualified* answers given by a responding party. *See Havenfield Corp. v. H & R Block, Inc.*, 67 F.R.D. 93 (W.D. Mo. 1973).

2. Pursuant to Rule 37(a)(4), a party who moves to determine the sufficiency of his opponent's responses may, if the answers are shown to be insufficient, recover his reasonable expenses in obtaining such an order, and the term "reasonable expenses" is defined to include attorney's fees.

have entertained motions to rule on defective answers. They have at times ordered that amended answers be served, when the defects were technical, then at other times have declared that the matter was admitted. The rule as revised conforms to [this] practice.

Comment—1975 Amendment to rule 36.[3]

The record is void of any request by plaintiff to have the trial court determine the sufficiency of defendant's answers to plaintiff's requests for admissions. Nor does the record contain any ruling by the trial court to this effect. Plaintiff's requests could not properly have been deemed admitted because the question of the sufficiency of Jacoby's answers was not properly raised below. Accordingly, defendant Jacoby was entitled to assert payment of the note as a defense to plaintiff's claim.

Reversed.

Judges HEDRICK and WEBB concur.

---

3. The North Carolina Rule 36 is virtually identical to its Federal counterpart, as amended in 1970. The procedure adopted in the amended Rule for determining the sufficiency of the responding party's answers was derived from the prior practice of some of the Federal courts. The amendment to the Rule allowing this novel procedure was necessitated by the willingness of other courts to hold that an insufficient answer to a request for admission was equivalent to no answer at all, resulting in the automatic admission of the matter alleged in the request. 8 Wright & Miller, Federal Practice and Procedure: Civil § 2263, pp. 735-739 (1970).