61981. GOSNELL et al. v. WALDRIP.

MCMURRAY, Presiding Judge.

This is an action upon a promissory note seeking the balance due plus attorney fees. The defendants answered denying the claim and among their other defenses alleged the plaintiff was guilty of fraud in their sale of a modular or double wide mobile home which they had originally purchased from plaintiff and which was installed on defendants' lot. Defendants contend they, relying upon plaintiff's inducements and representations, sold the property (which had a first lien thereon in favor of a savings and loan association and a second lien in favor of plaintiff) to another (named as a third party defendant herein) who assumed the obligations under both security deeds. The third party defendant then came into default as to both obligations. The holder of the first deed to secure debt foreclosed its lien on said property by exercising the power of sale contained in the security deed. Plaintiff then purchased the property at the foreclosure sale and received a sale deed absolute on its face not reciting that the property conveyed therein was subject to any other lien or encumbrance; hence there was a merger of estates and of novation.

Defendants contend that the trial court's sustaining of a motion in limine (granted during the trial) in regard to evidence of merger of

estates and the overruling of a motion as to novation foreclosed these defenses, hence the trial court erred in directing the verdict for the plaintiff against the defendants. *Held:*

1. After a verdict and judgment it is too late to review a judgment denying a motion for summary judgment as that judgment becomes moot when the court reviews the evidence upon the trial of the case. *Phillips v. Abel,* 141 Ga. App. 291 (1) (233 SE2d 384); *Talmadge v. Talmadge,* 241 Ga. 609 (247 SE2d 61). As we are reviewing the direction of the verdict and judgment which followed here, and if the evidence supports the findings of the trial judge in directing the verdict and granting judgment for the plaintiff, the issue as to the denial of defendants' motion for summary judgment becomes moot. There is no merit in the first enumeration of error.

2. Code § 85-710 provides: "If two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged in the greater." However "[t]he controlling consideration is the intention, express or implied, of the person in whom the estates unite, provided the intention is just and fair, and a merger will not be permitted contrary to such intent." *Fraser v. Martin,* 195 Ga. 683 (1), 687 (1) (25 SE2d 307). Further, the doctrine of merger, designed primarily for the one who acquires an interest in the property greater than he possessed in the first instance, "will not be held to apply against his will to his disadvantage." *Seaboard A. L. R. Co. v. Holliday,* 165 Ga. 200 (2d), 204 (140 SE 507); *Fraser v. Martin,* 195 Ga. 683, supra, at page 687.

In the case sub judice plaintiff's motion in limine to exclude any evidence about the foreclosure and exercise of power of sale by the holder of the first deed to secure debt was granted and such evidence excluded and prohibited over defendants' argument that a merger of estates had occurred. The intent and best interest of the plaintiff are clearly served by avoiding a merger of estates as argued by defendants. An intent not to merge will be presumed and will control. *Knowles v. Lawton,* 18 Ga. 476. Nor is there any suggestion that plaintiff's consideration for his purchase of the property is represented in whole or in part by the debt which he seeks to enforce in the case sub judice. Compare *Franklin Mortgage Co. v. McDuffie,* 43 Ga. App. 604, 605 (2) (159 SE 599).

As the doctrine of merger of estates had no proper bearing on the issues in the case sub judice, the motion in limine designed to instruct opposing counsel not to offer such evidence in order to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury was appropriate. *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284, 285 (1) (260 SE2d 20). The motion was properly considered when orally submitted at

trial. Code Ann. § 81A-107 (b) (1) (Ga. L. 1966, pp. 609, 618; 1967, pp. 226, 230); *Easterling v. Easterling,* 231 Ga. 889, 890 (1) (204 SE2d 610).

This motion in limine sustained at or during the trial amounted to a mere modification of the pre-trial order originally issued under Code Ann. § 81A-116 (Sec. 16, CPA; Ga. L. 1966, pp. 609, 628; 1967, pp. 226, 231; 1968, pp. 1104, 1106). See *Thornton v. Hampton,* 128 Ga. App. 122, 123 (1) (195 SE2d 795). Compare *Ambler v. Archer,* 230 Ga. 281, 285-290 (1) (196 SE2d 858); *Smith v. Billings,* 132 Ga. App. 201 (207 SE2d 683).

3. The evidence here that the plaintiff accepted payments from the third party defendant who purchased the real property subject to the indebtedness of the two deeds to secure debt, even demanding payment both in person and by letter and advising her that he would use legal process (foreclosure of the second loan deed) because payments were delinquent, does not in anywise create a novation so as to substitute the third party defendant as to the note in question. Here there was no agreement of all parties to create a new contract and extinguish the old contract, and the defendants' valid obligation to pay the indebtedness remained. See *Williams v. Rowe Banking Co.,* 205 Ga. 770 (55 SE2d 123); *Collier Estate v. Murray,* 145 Ga. 851 (1) (90 SE 52). As there was no issue as to the validity of the note the trial court did not err in directing the verdict in favor of the plaintiff.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MAY 28, 1981.

*Charles W. Smith, Jr.,* for appellants.
*Douglas E. Smith, Alfred L. Allgood,* for appellee.