### 64423. HOGAN v. TIGER AUTO PARTS, INC.

DEEN, Presiding Judge.

Hogan brought a dispossessory proceeding against Tiger Auto Parts, Inc., on June 4, 1980, alleging that it was a tenant at will which was holding over after receiving notice to vacate, that the parties had entered into an oral lease in 1972 with no fixed date of expiration, and that Tiger was $2,000.00 in arrears in its rental payments. Tiger answered denying that Hogan was the owner of a long term leasehold interest in the property, contended that Kenneth Brock, not Hogan, is Tiger's landlord, and that its rental payments to Brock are current. Tiger also counterclaimed contending that by letter on September 22, 1975, Hogan surrendered his right and interest to the leasehold property, that Brock and his agent, Fortenberry Realty Co., accepted Tiger's renewal of the leasehold interest, that they have allowed Tiger to remain in possession of the property and accepted rental payments, that on October 18, 1979, Tiger renewed its leasehold interest for five years commencing September 1, 1980, and ending

August 31, 1985, and that any claims Hogan had against Tiger prior to November 7, 1977, were discharged by order of bankruptcy. Tiger sought damages and punitive damages for interfering with contractual relations between it and its landlord. A jury verdict was rendered in favor of Tiger and it was awarded $100.00 in general damages and $1,000.00 in punitive damages. Hogan appeals.

1. "After a verdict and judgment it is too late to review a judgment denying a motion for summary judgment as that judgment becomes moot when the court reviews the evidence upon the trial of the case." *Gosnell v. Waldrip,* 158 Ga. App. 685, 686 (282 SE2d 168) (1981); *Talmadge v. Talmadge,* 241 Ga. 609 (247 SE2d 61) (1978).

2. Appellant contends that the trial court erred in denying admission into evidence of his exhibit number 15, a letter written to him by defense counsel on December 28, 1977, which contained a request that he execute a formal lease of the premises to Tiger. The trial court sustained the defendant's objection holding that the document was highly prejudicial. Defense counsel admitted that he wrote the letter, but stated he did not represent Tiger at that time, but represented C & S Bank shortly after Tiger's bankruptcy and was attempting to get the company's affairs in order to enable the bank to sell it to a prospective purchaser, that the letter was merely an offer to Hogan "made in the context of a settlement, a compromise with C & S," and that the letter could represent nothing more than counsel's opinion that Tiger needed a lease. He further noted that introduction of the letter presented certain ethical problems as he would be forced to withdraw as counsel if he had to give testimony about the letter.

As counsel would have had to testify that the letter was written with a view toward settlement and compromise of any claim that Hogan had against Tiger respecting the lease, it would not be admissible under Code Ann. § 38-408. Further, the letter written by Hogan to the bankruptcy receiver on February 20, 1975, states that Tiger has "agreed to assume and pay" the ground lease and first mortgage on the property. In a second letter on September 22, 1975, Hogan wrote the receiver demanding payment of certain arrearages in rent and stated: "If you chose to stay in the Clarkston building and the Landlord and Tenant accepts your renewal of the lease and allows you to remain there, then Tiger Auto Parts, Inc., will be the tenant from the renewal date forward and I will accept no responsibility for any rental payments after that date." (The option for renewal of the lease was exercised in 1975 and again in 1980.) As these letters may be taken as admissions that Hogan recognized Tiger's assumption of his leasehold interest in the property, introduction of a letter which purports to reach a settlement with him would be highly prejudicial

and improper as stated above. We find no merit in this enumeration.

3. In his final enumeration of error, Hogan contends that the trial court erred in refusing to grant his request to charge on the creation of a tenancy at will where in a lease agreement no time is set by the parties for the termination of the tenancy. We find no error. The evidence did not show that a tenancy at will was created. The original lease from Brock to Hogan was for five years with an option for two five-year periods and one ten-year period. The letters written by Hogan to the receiver clearly show that Hogan considered Tiger to have assumed his leasehold interest in the property and that the leasehold interest ran from 1975 to 1980 and was renewed in 1980 until 1985.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 10, 1982.

*C. Guy McLendon, Jack W. Ward,* for appellant.
*Franklin R. Nix,* for appellee.