## 66062. FARRIS et al. v. PAZOL.

BIRDSONG, Judge.

Appellee (Pazol) brought this action to recover from appellants a real estate commission allegedly due from a sale of commercial property in 1977. Appellant Farris was the listing agent on the property. Pursuant to an oral compensation agreement with appellant Farris-Caudle Realty Company ("Farris-Caudle"), Pazol received on any sales transaction 35% of the total commission received by Farris-Caudle when he found a buyer for property listed with appellants. The undisputed terms of the agreement provided

generally that appellee would receive his portion of the commission only if and when Farris-Caudle received payment from the purchasing party.

The sale of the property involved in this lawsuit was closed on August 30, 1977. Farris testified that he entered into an oral agreement with the seller providing that the commission on the sale, which totaled $20,229.81, would be paid over time rather than at the closing. Farris testified that the agreement was necessitated by the financial condition of the seller and the imminent prospect of foreclosure on the property. Appellee does not dispute the existence of this agreement or the reasons for its existence; he does, however, deny,that he ever acquiesced in the agreement or that he knew of its existence until after the closing.

The undisputed evidence adduced at trial also showed that Farris received a $20,000 earnest money check several days before the closing. Farris held the check until closing. After closing he endorsed the check and turned it over to the seller. Farris received at closing a check in the amount of $2,982.05, listed on the closing statement as being for "Bal. of Comm.," which he also endorsed and turned over to the seller after closing. Farris testified that this money was given to the seller pursuant to their oral agreement providing that Farris-Caudle would receive no commission at the closing. Farris-Caudle received a promissory note in the amount of $20,229.81 payable over a three-year period. The seller subsequently paid $4,000 under the note, $1,400 of which was paid to appellee by Farris-Caudle. No further payments were made by the seller, which instituted bankruptcy proceedings in 1980, after Farris-Caudle had instituted suit to collect the unpaid balance of the note.

Appellee terminated his employment with Farris-Caudle in March, 1979. Both parties executed a written termination agreement "to effectuate an agreement . . . in regards to payment of real estate commission by Broker to Salesman for certain sales under contract, and leases now in effect." The agreement then specified commissions for two sales contracts and several leases. No mention was made of the commission on the subject property.

After receiving all of the evidence, the trial court directed a verdict in favor of appellee against appellants in the principal amount of $5,680.44, which represented the commission balance due appellee, plus interest and costs. In three enumerations of error, appellants challenge the directed verdict on the grounds that the evidence showed both a novation of the oral contract and a conflict as to whether there was a breach of that contract, and appellants challenge the trial court's refusal to admit into evidence the

termination agreement.

1. The evidence at trial demonstrated appellants' defense of novation to be without merit. That defense was based upon appellants' argument that the termination agreement constituted a settlement of all controversies over commissions between appellee and Farris-Caudle. However, the agreement expressly applies only to "certain sales under contract, and leases now in effect." The agreement only specifies two sales and several leases, and fails to include any mention of the commission from the sales of the subject property.

"A novation is a complete contract within itself, and has four essential requisites: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one." *Williams v. Rowe Banking Co.,* 205 Ga. 770, 771 (55 SE2d 123). The express terms of the termination agreement itself fail to support the contention that the parties intended that agreement supersede all previous obligations between Farris-Caudle and appellee, which is a prerequisite to effecting a novation. OCGA § 13-4-5 (Code Ann. § 20-115); *Williams,* supra; *Gosnell v. Waldrip,* 158 Ga. App. 685, 687 (282 SE2d 168). Furthermore, the termination agreement does not purport to cover the subject matter of the agreement being sued upon in this case, which is an additional requirement for a novation. See *Hennessy v. Woodruff,* 210 Ga. 742 (1) (82 SE2d 859). Consequently, the trial court correctly found that appellant had failed as a matter of law to show a novation through the termination agreement.

2. Since the termination agreement had nothing to do with the subject matter of the present dispute, the trial court did not err in excluding that agreement from the evidence in this case. The document was not relevant to any issue in this action and was properly excluded. OCGA § 24-2-1 (Code Ann. § 38-201); *Inman & Co. v. Crawford & Maxwell,* 116 Ga. 63 (1) (42 SE 473).

3. The trial court did err, however, in directing a verdict in favor of appellee. This action is based on the oral compensation agreement between Farris-Caudle and appellee. There is no dispute over the basic terms of that agreement. However, appellants contend that the compensation agreement concerning the subject property was modified to provide that the sales commission was to be paid by the seller over time, and that appellee was to receive from Farris-Caudle his 35% share of the installments as they were received by Farris-Caudle. Farris testified that appellee acquiesced in the agreement to take at closing a note instead of cash for the commission, and the undisputed facts show that a note was taken by Farris and that appellee received $1,400 from installments later paid

on that note. Along with other evidence, appellee's testimony as to the terms of the agreement on the commission contradicts Farris' testimony. Since there was a conflict in the evidence as to the terms of the compensation agreement relating to the sale of the subject property, the issue should have been submitted to the jury. *Loughman v. Shine,* 129 Ga. App. 600 (2) (200 SE2d 326).

The trial court read *Miller v. Adams-Cates Co.,* 64 Ga. App. 858 (14 SE2d 220) as support for the directed verdict. However, in *Miller,* the defendant (broker) did not allege that the plaintiff (its agent) agreed to forego receipt of commission upon cancellation of the lease. The defendant did not dispute the terms of the contract as set forth by the plaintiff. The *Miller* holding is merely based on the proposition that a sub-agent's right to a commission cannot be defeated by a separate agreement between the principal and his agent, when the sub-agent has not acquiesced in that agreement. See *Hunter v. Benamy Realty Co.,* 115 Ga. App. 829, 831 (156 SE2d 160); *Bush v. Mattox,* 116 Ga. 42 (42 SE 240); *Baker v. Strawder,* 50 Ga. App. 388 (2) (178 SE 206). In the present case, the evidence would authorize a jury finding that appellee agreed to accept his commission over time. Because of the factual differences, *Miller,* supra, and related cases do not dispose of the contract issue in this case, although they would demand a verdict in appellee's favor if the jury accepted his version of the compensation agreement as being applicable to the subject sale.

Appellee relies on the sales contract, which provides that a 3% commission is to be paid to "broker" upon consummation of the sale, in arguing that the parol agreement alleged by appellants cannot modify the provisions as to commission contained in the sales contract. However, this argument ignores the fact that the "broker" in this contract is Farris-Caudle, and appellee's execution of this contract was on behalf of his principal, Farris-Caudle, and not individually. Otherwise, appellee could proceed directly against the seller for the entire commission, which he has acknowledged he cannot do. See 12 CJS 581, Brokers, § 184. His individual right to compensation is derived from his agreement with Farris-Caudle, not from the sales contract involving the seller, purchaser, and Farris-Caudle.

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 26, 1983.

*Frederick G. Boynton,* for appellants.

*William D. Friend, J. Robert Joiner,* for appellee.