70072, 70245. CLEMENTS et al. v. TOOMBS COUNTY HOSPITAL AUTHORITY; and vice versa.
(334 SE2d 188)

BENHAM, Judge.

After receiving medical attention at John M. Meadows Memorial Hospital, appellant Lanell Clements developed a staph infection. Alleging medical malpractice, she filed suit against appellee, the hospital's governing body. Her husband, co-appellant Fred Clements, joined her suit, seeking damages for loss of consortium. A jury trial resulted in a verdict and judgment for appellee, from which appellants now bring this appeal.

1. Three of appellants' enumerated errors involve the trial court's decisions concerning appellants' requests for admissions and appellee's replies thereto. After the jury was impaneled but prior to the presentation of any evidence, appellants asked the trial court to rule that appellee's answers to appellants' requests for admissions amounted to admissions. Appellee had, in fact, admitted two of the five assertions presented by appellants' requests but had answered the remaining three requests with the phrase that it was "without knowledge or information sufficient to form a belief as to the truth of [the allegations]."

The statute governing requests for admissions, OCGA § 9-11-36, specifically states that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny." § 9-11-36 (a) (2). The statute goes on to say that the party seeking the admissions may move the court to determine the sufficiency of the answers or objections he has received in response to his requests. OCGA § 9-11-36 (a) (3). If the court finds the answers fail to comply with the statutory requirements, it may order

the matters admitted or order amended answers. Id. Relying on *Gregory v. Vance Pub. Corp.*, 130 Ga. App. 118 (6) (202 SE2d 515) (1973), appellants argue that appellee's responses citing lack of knowledge and information were insufficient and should be deemed admissions. In *Gregory*, a majority of this court held that a response such as the one at issue "failed to meet our statutory demand and therefore should be given the effect of an admission . . ." Id. at 121. Four Judges dissented on the ground that since the requestor's remedy was found in Code Ann. § 81A-136 (a) (3) (now OCGA § 9-11-36 (a) (3)), the trial court had no authority "to consider an answer as an admission unless and until the party submitting the requests has moved for an order as to the sufficiency of the answers." Id. at 122-123. The case at bar presents the same basic dilemma: May an insufficient answer be deemed an admission without a motion or hearing? After reviewing the facts and the case law which has evolved since the *Gregory* decision, we conclude that an insufficient answer may be deemed an admission by the court only after the requesting party has questioned by motion the sufficiency of the answers and a hearing on the motion has been held. In *Smith v. Billings*, 132 Ga. App. 201 (207 SE2d 683) (1974), this court recognized the rule we now adopt when it stated that "[i]n the absence of a motion by plaintiffs to determine the sufficiency of the answers in a hearing the trial court erred in . . . determining that defendants' answers were insufficient." Id. at 203.

To require a motion and hearing before imposing the sanction of deeming answers to be admissions under OCGA § 9-11-36 falls squarely within the intent and interpretation of OCGA § 9-11-37, the Civil Practice Act's section concerning the failure to make discovery and the sanctions imposable therefor. Under OCGA § 9-11-37, the ultimate sanction (dismissal, striking of pleadings) is available against a party for the *complete* failure to respond to any of a variety of types of discovery initiatives (§ 9-11-37 (d)), or for failure to obey a discovery-related court order, i.e., an order necessary to initiate discovery (e.g., § 9-11-35) or a motion to compel. See OCGA § 9-11-37 (b). Under OCGA § 9-11-36, the ultimate sanction (deeming a matter admitted) is available when a party completely fails to respond (OCGA § 9-11-36 (a) (2)) or after the requesting party has moved to determine the sufficiency of the answer and the trial court finds the answer fails to comply with statutory requirements. OCGA § 9-11-36 (a) (3). "Giving a defective answer the automatic effect of an admission may cause unfair surprise. A responding party who purported to deny or be unable to admit or deny will for the first time at trial confront the contention that he has made a binding admission. Since it is not always easy to know whether a denial is 'specific' or an explanation is 'in detail,' neither party can know how the court will rule at trial and whether proof must be prepared. Some courts, therefore, have enter-

tained motions to rule on defective answers. They have at times ordered that amended answers be served, when the defects were technical, and at other times have declared that the matter was admitted. [Rule 36 of the Federal Rules of Civil Procedure] as revised conforms to [this] practice." Comment — 1975 Amendment to Rule 36, Federal Rules of Civil Procedure (virtually identical to OCGA § 9-11-36). 48 FRD 530, 534. "The amendment [the addition of the equivalent of § 9-11-36 (a) (3)] to the [federal] Rule . . . was necessitated by the willingness of other courts to hold that an insufficient answer to a request for admission was equivalent to no answer at all, resulting in the automatic admission of the matter alleged in the request." *Southern Nat. Bank of N.C. v. B & E Constr. Co.*, 266 SE2d 1, 3 (fn. 3) (46 N.C. App. 736) (1980). The same shortcoming rectified by the federal amendment is the legacy of the holding in *Gregory v. Vance Pub. Co.*, supra. It is our conclusion that we must overrule that portion of *Gregory* which permits a trial court sua sponte to deem an insufficient answer to be an admission, and reaffirm this court's holding in *Smith v. Billings*, supra, to the effect that a motion to determine in a hearing the sufficiency of answers is necessary before responses to request for admissions may be deemed insufficient and deemed admitted.

With this standard in mind, we again look to the facts of the case at bar. After the jury was impaneled but prior to the receipt of any evidence, appellants orally sought to have allegedly insufficient answers deemed admissions as a matter of law. The trial court refused, citing, among other reasons, the untimeliness of appellants' request.

OCGA § 9-11-36 (a) (3) does not contain a specific time frame for the submission of a motion to determine the sufficiency of answers. However, from the fact that the statute permits the trial court to "determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial," we conclude that such a motion must be made prior to trial. The trial court was not in error when it refused to entertain appellants' oral motion made at trial.

2. Appellants maintain that the trial court erred when, in the opening remarks of its charge to the jury, the court stated: "You've heard certain statements made by counsel here in Court that they have agreed on certain things. Those, of course, that's part of the evidence. It's not necessary that that be contained in the pleadings, but nevertheless as long as you understand that those admissions made by both parties have been made, you'll accept those as truth without the necessity of further proof." Appellants contend that the charge was reversibly erroneous inasmuch as they had made no admissions. Even if we assume appellants made no admissions, we are unable to discern, and appellants have not pointed out, any harm they might have suffered with regard to this charge. "It is axiomatic in Georgia

appellate law that an appellant, to secure a reversal, must show not only error but harm." *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666, 670 (278 SE2d 468) (1981).

3. In an effort to prove pain and suffering, appellants attempted to have admitted into evidence Mrs. Clements' records from hospitals other than Meadows Memorial. The trial court's refusal to admit the tendered exhibits is now cited as error. While medical bills may be introduced to show pain and suffering (*Melaver v. Garis*, 110 Ga. App. 267 (1) (138 SE2d 435) (1964)), appellants sought to introduce hospital records. " 'If a hospital record contains diagnostic opinions and conclusions, it cannot, upon proper objection, be admitted into evidence unless and until the proper foundation is laid . . .' " *Dennis v. Adcock*, 138 Ga. App. 425, 428 (226 SE2d 292) (1976). The proper objection having been made and no proper foundation having being laid, the trial court did not err in its rulings.

4. Appellants next contend that the trial court improperly permitted appellee's counsel to cross-examine appellants' expert witness on an irrelevant matter. After the witness had stated several times that she did not give and would not give intramuscular injections of 4 cc's, counsel for appellee got the witness to admit that intramuscular dosages exceeding 3 cc's of certain drugs were permissible. This impeaching line of questioning was relevant, and it was not error to allow it. See OCGA § 24-9-82.

5. During the cross-examination of appellants' expert, the trial court entered into a colloquy with counsel for the parties in the presence of the jury and noted that since the witness did not have firsthand knowledge of the events, she had to rely on a review of the record "to come to some conclusion and experience[d] guess about what did take place." When appellants objected to the court's characterization of the witness' testimony and asked that the jury be instructed to disregard it, the trial court acknowledged that "expert opinion" was a better, more descriptive phrase to use, and appellants appeared mollified. Appellants now claim error in the trial court's failure to instruct the jury to disregard the earlier description. A review of the court's charge to the jury at the close of the evidence shows that the jury was instructed that actions or statements of the trial court were not intended to intimate, hint or suggest to the jury which party should prevail. In the absence of appellants' insistence on a more particularized statement to the jury at the time of the remark, we find the trial court's instructions to the jury sufficient.

6. Appellants next argue that appellee was permitted to ask appellants' expert a hypothetical question which assumed a fact not in evidence. The question propounded asked the expert to assume that constant rotation of the intramuscular shots appellant Lanell Clements had received had occurred. Appellants contend there was no

evidence of rotation of the injections. However, there was testimony and documentary evidence that some rotation did occur. Appellant Lanell Clements stated that she tried to remember where she received each injection in order to so inform the nurse administering the next shot, and there was testimony that the nurses asked Mrs. Clements about the location of prior shots in order to give the present shot in another location.

7. The remainder of appellants' enumerations concern the content of the trial court's charge to the jury. After reviewing each of the questioned instructions individually and the charge as a whole, we find no merit to appellants' enumerations.

8. In light of the foregoing, the hospital authority's cross-appeal is dismissed as moot.

*Judgment affirmed in Case No. 70072. Appeal dismissed in Case No. 70245. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, and Beasley, JJ., concur.*

DECIDED JULY 9, 1985 —
REHEARING DISMISSED JULY 31, 1985 — 

*M. Francis Stubbs*, for appellants.
*Wilson R. Smith*, for appellee.

