A93A2160. NASH et al. v. MILLER.
(441 SE2d 924)

BEASLEY, Presiding Judge.

In September 1986, William and Lee Ann Nash borrowed $28,528.17 from Miller and Barrett, d/b/a Miller-Barrett Construction Company, which amount represented a portion of the sales price of a residence. The Nashes executed a promissory note, requiring the payment of six annual installments of $2,852.82 each, representing accrued interest only, with the first such payment being due September 1987, and a seventh and final payment of all outstanding principal plus remaining accrued interest being due September 1993. To secure the note, Lee Ann Nash also executed a security deed conveying the tract to the lenders. Later in 1986, Barrett conveyed all of his interest in the note to Miller.

The security deed provides that any sale, transfer or conveyance of the secured property without prior written consent of the holder may be considered a default. Without either Miller's consent or objection, Lee Ann Nash executed a warranty deed conveying the property to Robert Shiver in January 1991. This warranty deed was subject to the outstanding security deed from her to Miller and Barrett, and Shiver assumed the debt evidenced by the promissory note. Shiver failed to make the 1991 note payment.

In November 1991, Shiver executed a warranty deed conveying the property to Miller for $10 and other valuable consideration. This deed stated that the property was being conveyed subject to the out-

standing deed to secure debt from Nash to Miller and Barrett; that it was the intent of Shiver and Miller that the interest created in Miller by the warranty deed not be merged with the interest created in Miller and Barrett by the security deed; and that nothing contained in the warranty deed would release the security deed. Miller's attorney notified the Nashes of the default.

Miller later conveyed the property by warranty deed to the Hursts. The real estate transfer tax was $73.50. See OCGA § 48-6-1. The Hursts in turn executed a security deed to a bank to secure repayment of a note in the principal amount of $53,500.

Shortly thereafter, Miller brought this action against the Nashes for the $28,528.17 unpaid principal balance of their note, accrued interest, and attorney fees.

The Nashes answered, asserting various defenses including payment of the debt. They also filed a motion to implead Shiver as a third-party defendant on the ground that his failure to pay the September 1991 installment to Miller constituted a breach of his agreement to assume the indebtedness of Lee Ann Nash to Miller.

Miller filed a motion for summary judgment, arguing that the Nashes have not been released from their debt obligation, the warranty deed from Shiver expressly states that it is the intention of the parties that Miller's interests not be merged, and the security deed between Miller and the Nashes remains unsatisfied.

The Nashes responded that whether the security deed has been satisfied is a disputed fact. They argued that a merger occurred by Miller's acceptance from Shiver of what is and should be construed as a deed in lieu of foreclosure in full settlement of all debts assumed by Shiver.

The trial court granted Miller's motion for summary judgment in the sum of $39,950.05 consisting of principal, interest, and attorney fees. The Nashes' motion to bring a third-party complaint was denied as moot.

"[OCGA § 44-6-2] provides: 'If two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged in the greater.' However, '(t)he controlling consideration is the intention, express or implied, of the person in whom the estates unite, provided the intention is just and fair, and a merger will not be permitted contrary to such intent.' [Cit.] Further, the doctrine of merger, designed primarily for the one who acquires an interest in the property greater than he possessed in the first instance, 'will not be held to apply against his will to his disadvantage.' [Cits.]" *Gosnell v. Waldrip*, 158 Ga. App. 685, 686 (2) (282 SE2d 168) (1981). Consequently, no merger occurred here.

"Still, however, if the consideration of his purchase of the property, as encumbered by the previous lien securing the outstanding

debt, is represented in whole or in part by such debt, the result would be otherwise, since, 'as a general rule, a party can not hold a lien on his own property' ([OCGA § 44-6-3]), and since, where the debt secured by the lien represents the consideration of his purchase, there would be no consideration should he be permitted to keep the lien alive for the purpose of making the original promisor pay it. He does not need the protection which would be afforded by the enforcement of the outstanding claim, when the claim has already afforded the consideration of his purchase." *Franklin Mtg. Co. v. McDuffie*, 43 Ga. App. 604, 605 (2) (159 SE 599) (1931). Accordingly, *Franklin Mtg.* held that the defendant (who was the grantor of the security deed and borrower under the note) having alleged that the plaintiff in accepting a deed from a third party to whom the property had been sold did so "in satisfaction of all debts secured by said property," the plaintiff would not be entitled to receive again the benefit of the amount represented by the outstanding indebtedness by recovering it from the original promisor.

Like *Franklin Mtg.* but unlike *Gosnell*, the Nashes allege that the consideration for the warranty deed from Shiver to Miller was the underlying debt and that Miller accepted the warranty deed in satisfaction of all debts secured by the property. The Nashes also allege that Miller obtained full satisfaction of the debt through the proceeds he received in selling the property to the Hursts. Compare *Commonwealth Land Title Ins. Co. v. Miller*, 195 Ga. App. 830, 831 (395 SE2d 243) (1990); *Ashburn Bank v. Reinhardt*, 183 Ga. App. 292, 294 (4) (358 SE2d 675) (1987).

Treating these allegations in inverse order, Miller does not deny that through sale of the property to the Hursts he received more than sufficient funds to satisfy the debt. However, statements in the warranty deed affirmatively dispute the allegation that it was accepted by Miller in satisfaction of all debts secured by the property. Miller states that there is no evidence that the debt was all or part of the consideration for his purchase of the property from Shiver.

However, the Nashes clearly alleged in their response to Miller's motion for summary judgment that the debt was the consideration, i.e., that the deed from Shiver was accepted by Miller as full settlement of all debts assumed by Shiver. Miller has not pierced this allegation. Consequently, he has not carried his burden of establishing the lack of a genuine issue of fact and right to judgment as a matter of law. *Caldwell v. Gregory*, 120 Ga. App. 536, 538 (171 SE2d 571) (1969); compare *Sadler v. Trust Co. Bank*, 178 Ga. App. 871, 873 (2) (344 SE2d 694) (1986).

*Judgment reversed. Cooper, J., concurs. Smith, J., concurs in the judgment only.*

DECIDED MARCH 18, 1994.

*Dennis P. Helmreich*, for appellants.
*McDonald, Haggard & Carney, H. Patrick Haggard*, for appellee.