## A96A1043. POPOVICH v. BEKAERT CORPORATION.
(474 SE2d 286)

Judge Harold R. Banke.

After Bekaert Corporation discharged Steve Popovich, he sued alleging, inter alia, that Bekaert breached its company severance policy by denying him $17,307. Popovich's sole enumeration is that the trial court erred in granting summary judgment to Bekaert.

To prevail at summary judgment under OCGA § 9-11-56, Bekaert, the movant, must demonstrate that there are no genuine issues of material fact and that the undisputed facts, viewed in a light most favorable to Popovich, the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record and testimony reflect the following. After Popovich had accumulated ten years' service and advanced to the position of national sales manager of the Dramix division, Bekaert terminated him, allegedly for poor job performance. At the time of Popovich's discharge, Bekaert was realigning the responsibilities of his position in the Dramix division, and it is disputed whether Bekaert eliminated his position. *Held*:

Material issues of disputed fact remain which preclude summary judgment. Popovich claims Bekaert violated Section 8.3 of the "Policies and Procedures Manual" ("the Manual") which required Bekaert to compensate him for two weeks' pay for each of his ten years of service. Bekaert contends that a different publication, an employee handbook for salaried employees titled "Benefits Summary and Personnel Policies" ("the Handbook") controls Popovich's situation. According to the Handbook, employees receive only two weeks' pay regardless of their length of service. In spite of its assertion that the Manual did not apply to Popovich, in its statement of undisputed material facts, Bekaert claims it paid Popovich severance pay according to Section 8.2 of the Manual. In the same statement, Bekaert cites Section 8.3 of the Manual, which provides: "[e]mployees terminated because of company needs are paid severance pay in an amount equal to two weeks' pay for each year or part thereof." By applying these two sections from the Manual to Popovich, Bekaert contradicts its position that the Handbook not the Manual applied to Popovich.

Moreover, it is a disputed issue of fact as to whether Bekaert terminated Popovich because of unsatisfactory job performance or because of the reorganization/restructuring that occurred. Popovich testified that he had consistently received satisfactory or high performance ratings and that the final ratings were contrived and rewritten so that the company could avoid having to pay him severance pay when Bekaert reorganized and eliminated his position.

We reject Bekaert's conclusion that Bekaert's severance pay pol-

icy never formed part of Popovich's employment contract. Notwithstanding Bekaert's argument to the contrary, the fact that Popovich did not obtain a copy of the policy until his impending discharge and had never seen a copy of the policy is not dispositive. Popovich testified that for some time prior to the time of termination he had known about the company policy of awarding two weeks' pay for every year or partial year of service. Assuming that a jury determines that Section 8.3 of the Manual is applicable to Popovich, then that policy formed part of Popovich's contract of employment with Bekaert. See *Shannon v. Huntley's Jiffy Stores*, 174 Ga. App. 125, 126 (2) (329 SE2d 208) (1985). "[A]n additional compensation plan offered by an employer and impliedly accepted by an employee, by remaining in employment, constitutes a contract between them, whether the plan is public or private, and whether or not the employee contributes to the plan. [Cits.]" *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981).

Bekaert argues that even assuming the Manual applied, Popovich's claims are barred by the doctrines of accord and satisfaction and novation. We disagree. " 'A novation or accord and satisfaction is in itself a contract and must have all the elements of a de novo contract. (Cits.) Therefore, there must be a meeting of the minds if the novation or accord and satisfaction is to be valid and binding. (Cits.)' *Mayer v. Turner*, 142 Ga. App. 63, 64 [(1)] (234 SE2d 853) (1977)." *Ga. Income Property Corp. v. Murphy*, 182 Ga. App. 101, 103 (1) (354 SE2d 859) (1987).

The record contains no such evidence. The memorandum from Jeff Barnett to Popovich, which specifies the details of termination including the conditions under which Popovich could conduct closing files and utilize company facilities does not show the elements of a new contract. Nowhere does it indicate a meeting of the minds showing that Popovich agreed to forego any claim to more than $17,000 in severance pay. Nor does the memorandum support the contention that it was an agreement intended to supersede all previous obligations between Bekaert and Popovich, which is a prerequisite to effecting a novation. OCGA § 13-4-5. See *Farris v. Pazol*, 166 Ga. App. 760, 762 (1) (305 SE2d 472) (1983). Further, the memorandum does not purport to cover the subject matter of the severance pay at issue here, an additional requirement of a novation. Id.

Because material issues of fact remain as to whether the Manual or Handbook applied and whether Popovich was terminated for nondisciplinary reasons or because of company needs, we reverse. See, e.g., *Amax, Inc. v. Fletcher*, 166 Ga. App. 789 (305 SE2d 601) (1983).

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 2, 1996 —

*William R. Hurst*, for appellant.
*Ogletree, Deakins, Nash, Smoak & Stewart, Dion Y. Kohler, Thomas E. D. Calender*, for appellee.