A01A0728. REEVES v. SANDERLIN AGRICULTURAL SERVICES, INC.
(549 SE2d 837)

SMITH, Presiding Judge.

C. Eugene Reeves appeals from the trial court's denial of his motion to enjoin foreclosure proceedings brought by Sanderlin Agricultural Services, Inc. against property owned by Reeves after Reeves defaulted on a debt.[1] The debt was secured by two parcels of property, one owned by Reeves and a smaller parcel owned by Reeves's daughter, Tina Palmer, who voluntarily quitclaimed her parcel to Sanderlin. Reeves contends the debt was extinguished prior to foreclosure under the doctrine of merger of estates by the voluntary surrender of his daughter's property. We agree with the trial court that the debt was not entirely extinguished when Palmer quitclaimed the property to Sanderlin. We therefore affirm the judgment below.

---

[*] In its responsive brief to this Court, the State concedes that Cooper is entitled to a hearing on his motion for new trial.

[1] Reeves filed his appeal in the Supreme Court, which transferred it to this court, noting that any equitable issues are ancillary to those purely legal.

The record shows that in April 1993, Reeves borrowed $66,426.23 from Sanderlin and secured the debt with a 59.76-acre tract he owned. The note was renewed in 1996, by which time the debt was $360,598.61. That note was secured by the original 59.76-acre tract, crops grown on two other tracts, and a security deed to the five-acre tract Reeves had given to his daughter, Palmer, who had a home on it.

In December 1997, Sanderlin threatened to foreclose on the Palmer property, and Palmer executed a quitclaim deed to the property to Sanderlin, which Sanderlin accepted. In August 1999, Sanderlin sued Reeves on the note, alleging that he had defaulted on the note and the remaining balance due was $150,000 plus interest. Reeves was not present in Georgia, and he was served by publication. A default judgment was entered against Reeves on December 2, 1999. When Sanderlin began the process of foreclosing on Reeves's 59.76-acre property, Reeves filed a motion to enjoin the foreclosure.[2]

Reeves invokes the doctrine of merger of estates, which is codified at OCGA § 44-6-2. The statute provides: "If two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged into the greater." Reeves relies upon *Pitts Banking Co. v. Fenn*, 160 Ga. 854 (129 SE 105) (1925) for his argument that when a merger of estates takes place, both the mortgage or security deed and the debt on which it is founded are extinguished. Id. at 854 (1). But *Pitts Banking* is distinguishable from this case. *Pitts Banking* involved a purchase money mortgage, and only one piece of property was given as collateral for the debt.

Moreover, *Pitts Banking* also holds that a lesser estate does *not* merge in the greater

> when it appears that the holder of both intended that a merger should not take place. The intent controls. [Cit.] Such intention sometimes expressly appears from the writings. . . . If such intention does not expressly appear from the writings, then it must be shown by aliunde proof. If two estates in the same property unite in the same person in the same capacity, and it is contended that no merger took place, the person making such contention, if entitled [to do so], must allege and prove facts negativing the existence of such merger. [Cits.]

Id.

---

[2] The motion was joined with a motion to set aside the judgment for failure to personally serve Reeves, but that was denied and is not being appealed.

> While it is a general rule of law that when two estates in the same property unite in the same person in his individual capacity, the lesser estate is merged in the greater . . . , in equity there are exceptions to this rule. One of the exceptions is that the lesser is not merged in the greater when it appears that the person in whom the two estates meet intends that it shall not take place. . . . Wherever a merger will operate inequitably, it will be prevented. The controlling consideration is the intention, express or implied, of the person in whom the estates unite, provided the intention is just and fair, and a merger will not be permitted contrary to such intent. Where there is no expression of intention, it will be sought for in all the circumstances of the transaction, and may be gathered not only from the acts and declarations of the owner of the several independent rights, but from a view of the situation as affecting his interests. . . . The doctrine of merger of estates is designed primarily for the benefit of one who acquires an interest in the property greater than he possessed in the first instance, and will not be held to apply against his will to his disadvantage.

(Citations and punctuation omitted.) *Fraser v. Martin*, 195 Ga. 683, 687 (1) (25 SE2d 307) (1943).

It seems axiomatic that when more than one parcel is given as collateral, it is because each parcel individually is insufficient to secure the entire amount owed. It follows that unless a clear intent to the contrary is expressed, the existence of more than one piece of collateral is in itself evidence that the parties did not intend for the debt to be extinguished upon the foreclosure or voluntary surrender of less than all the collateral. In this case, the intention to preserve the debt after giving proper credit for the Palmer property is clear not only on Sanderlin's part, but also on the part of Reeves. After his daughter surrendered her property, Reeves acknowledged the remaining debt. He also made a substantial payment on the remaining debt a year later. This was evidence that both Sanderlin and Reeves did not intend for the underlying debt to be extinguished when the Palmer property was quitclaimed. The debt was therefore not completely extinguished when Reeves's daughter voluntarily surrendered her property, although credit was given on the debt. Because the debt still existed, and Reeves's property secured that debt, the trial court did not err in denying Reeves's motion to enjoin the foreclosure.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JUNE 6, 2001.

*Ellis, Gatewood, Skipper & Farr, George R. Ellis, Jr.,* for appellant.

*Harper & Barnes, John V. Harper,* for appellee.